# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 9, 2014 Session

## STATE OF TENNESSEE
### v.
## CHARLES D. SPRUNGER

**Appeal from the Court of Appeals, Eastern Section**
**Appeal from the Chancery Court for Cumberland County**
**No. 2010-CH-389     Ronald Thurman, Judge**

---

**No. E2011-02573-SC-R11-CV - Filed March 9, 2015**

---

This appeal challenges the civil forfeiture of the appellant's house after he was convicted of possessing child pornography on his home computer. We hold that, in forfeiture proceedings, the seizing authority is required to present affirmative proof that it complied with both the procedural and the substantive provisions of the applicable forfeiture statutes. In accord with prior decisions of this Court, we also hold that both the procedural and the substantive provisions of the forfeiture statutes must be strictly construed. The State in this case failed to show that it complied with the procedural requirements in the forfeiture statutes. Therefore, we vacate the forfeiture.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Trial Court is Reversed, Forfeiture Vacated, and Remanded.**

HOLLY KIRBY, J., delivered the opinion of the Court, in which SHARON G. LEE, C.J., and CORNELIA A. CLARK, GARY R. WADE, and JEFFREY S. BIVINS, JJ., joined.

Benjamin K. Raybin, Nashville, Tennessee, for the respondent/appellant, Charles D. Sprunger.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph E. Whalen, Acting Solicitor General; and Kyle Hixson, Assistant Attorney General for the petitioner/appellee, the State of Tennessee.

-1-

## OPINION

## Facts and Proceedings Below

Charles D. Sprunger owned his home on Peavine Road in Cumberland County, Tennessee, near Crossville. Mr. Sprunger operated a lawn care business and maintained his business files on a desktop computer kept in his home.

In early July 2008, Mr. Sprunger contacted a computer technician in Crossville, Tennessee; he believed that his desktop computer had a virus and needed help retrieving his business records from it. On July 8, 2008, Mr. Sprunger dropped the computer off at the technician's repair shop. After Mr. Sprunger left, the technician discovered on the computer numerous images of "prepubescent, minor girls engaged in either sexually suggestive poses or in sex acts with adults," waiting to be burned to a compact disc. The technician immediately contacted local law enforcement authorities.

After reviewing the illicit images on Mr. Sprunger's computer, John Haynes, a detective with the Cumberland County Sheriff's Department, seized the computer and obtained a search warrant for Mr. Sprunger's home. The same day, Detective Haynes executed the search warrant and thoroughly searched Mr. Sprunger's house. It appeared that Mr. Sprunger had kept the computer in an upstairs loft room that was equipped with electricity and an internet connection. Law enforcement officers who executed the search found the outside "skin" of the desktop[1] in the home but found no illegal photographic images there. No other action was taken against Mr. Sprunger at that time.

Approximately ten months later, on May 19, 2009, Detective Haynes appeared before a Cumberland County Criminal Court judge to obtain a forfeiture warrant for Mr. Sprunger's home.[2] The forfeiture warrant that issued stated that Mr. Sprunger's real property was subject to forfeiture under Tennessee Code Annotated § 39-17-1008,[3] based on his violation

---

[1] The outside "skin" for the desktop is a covering for the computer hardware.

[2] The forfeiture warrant was only for Mr. Sprunger's real property; it did not seek the forfeiture of any electronic devices or other personalty inside the home.

[3] Section 39-17-1008 states in pertinent part, "Any conveyance or real or personal property used in the commission of an offense under this part is subject to forfeiture under title 40, chapter 33, part 2." Tenn. Code Ann. § 39-17-1008(a) (2006).

of Section 39-17-1004.[4]  The forfeiture warrant recited that Detective Haynes gave the criminal court judge "Proof by Affidavit" on probable cause for the forfeiture warrant.  The appellate record does not include such an affidavit, nor does it include any account of Detective Haynes's appearance before the criminal court judge.

The next day, forfeiture warrant in hand, Detective Haynes filed a document entitled "Abstract of Suit Notice of Lien *Lis Pendens*" with the Cumberland County Register of Deeds.[5]  The filing indicated that the State had filed the forfeiture warrant and claimed a lien *lis pendens* on Mr. Sprunger's real property.[6]  In support, it cited Mr. Sprunger's alleged violation of Tennessee Code Annotated § 39-17-1004, i.e., selling and distributing child pornography.[7]

A couple of months later, in July 2009, Mr. Sprunger was indicted for violation of Tennessee Code Annotated § 39-17-1003,[8] sexual exploitation of a minor by knowingly

---

[4] Tennessee Code Annotated § 39-17-1004 makes it a Class C felony to sell and distribute material related to child pornography.  As detailed below, Mr. Sprunger was arrested for violating Section 39-17-1004, but this charge was not pursued.  Mr. Sprunger was eventually convicted of a lesser offense, violating Tennessee Code Annotated § 39-17-1003, which makes it a felony to "knowingly possess" child pornography.

[5] The document contains the file stamp of the Cumberland County Register of Deeds.  We note that the document also includes a typed heading, "In the Administrative Hearings of the State of Tennessee, Tennessee Department of Safety."  Despite this heading, as discussed more fully below, the appellate record contains no indication that this, or any other document, was actually filed in any administrative proceeding, and the Complaint for forfeiture eventually filed by the State does not recite that there were any such administrative proceedings and does not seek judicial review of an administrative decision.

[6] One of Mr. Sprunger's later letters to the trial court contains some indication that he "was given" a copy of the abstract and notice of lien *lis pendens* on May 29, 2009.  Neither contained information on how to contest such a seizure.

[7] It also alleged that Mr. Sprunger was "in violation of" Section 39-17-1008.  As previously mentioned, Section 39-17-1008 merely provides for forfeiture by persons who have violated the specified criminal statutes.

[8] At the time relevant to this matter, Section 39-17-1003 stated as follows:

(a) It is unlawful for any person to knowingly possess material that includes a minor engaged in:

  (1) Sexual activity; or

  (2) Simulated sexual activity that is patently offensive.

-3-

possessing over 100 images of child pornography. He was not indicted for the offense listed on the forfeiture warrant or on the other filings, namely, violation of Tennessee Code Annotated § 39-7-1004, the sale and distribution of child pornography

Over a month after that, on August 29, 2009, Mr. Sprunger received a "Notice of Property Seizure and Forfeiture of Conveyances," notifying him that his residence had been seized. The seizure notice form indicated that Mr. Sprunger's property was subject to seizure pursuant to "Category IV: Other," with "(TCA § 39-17-1008)" typed into the corresponding blank space. The form listed "Investigator John Haynes" as the "Agent/Giver," and it was signed by Detective Haynes. The portion of the form certifying that the Agent/Giver had delivered notice of the seizure to the property owner was left blank. The form was signed by Mr. Sprunger, acknowledging receipt of the seizure notice.

Notably, the seizure notice form includes several boxes for the Agent/Giver to check for instructions to the owner of the seized property on how to contest the seizure. The instructions to the property owner vary depending on the "category" of the offense that is the basis for the seizure. The seizure notice form Mr. Sprunger received indicated that his property was seized under Category IV. This category informed Mr. Sprunger that he should: "Refer to instructions provided by seizing agency for filing a claim on the above

---

(b) A person possessing material that violates subsection (a) may be charged in a separate count for each individual image, picture, drawing, photograph, motion picture film, videocassette tape, or other pictorial representation; or where the number of materials possessed is greater than fifty (50), then the person may be charged in a single count to enhance the class of offense under subsection (d).

(c) In a prosecution under this section, the trier of fact may consider the title, text, visual representation, Internet history, physical development of the person depicted, expert medical testimony, expert computer forensic testimony, and any other relevant evidence, in determining whether a person knowingly possessed the material, or in determining whether the material or image otherwise represents or depicts that a participant is a minor.

(d) A violation of this section is a Class D felony; however, if the number of individual images, materials, or combination of images and materials, that are possessed is more than fifty (50), then the offense shall be a Class C felony. If the number of individual images, materials, or combination of images and materials, exceeds one hundred (100), the offense shall be a Class B felony.

(e) In a prosecution under this section, the state is not required to prove the actual identity or age of the minor.

Tenn. Code Ann. § 39-17-1003 (2007).

property." The record includes no such instructions or other documents accompanying the seizure notice form.

In August 2010, a jury found Mr. Sprunger guilty of the Class B felony of sexual exploitation of a minor under Tennessee Code Annotated § 39-7-1003, the knowing possession of over 100 images of child pornography. For his conviction, Mr. Sprunger was sentenced to eight years in prison, to be served at 100%. The criminal court entered judgment on October 4, 2010.

That same day, the State filed a complaint for judicial forfeiture against Mr. Sprunger in the Chancery Court of Cumberland County. The complaint alleged that Mr. Sprunger had been convicted of "the offense outlined in Tennessee Code Annotated 39-17-103 [sic], et seq.," and that he also "engaged in sexual activity in violation of Tennessee Code Annotated § 39-7-1004."[9] The complaint states that, "pursuant to Tennessee Code Annotated 39-17-408 [sic][10] the real property . . . is subject to seizure and forfeiture by the State of Tennessee." It asserted that the State had perfected its statutory lien on Mr. Sprunger's real property by filing the lien *lis pendens* and that it had obtained a forfeiture warrant. The Complaint acknowledged that no hearing had been held on the seizure of Mr. Sprunger's property.

The Complaint named Mr. Sprunger's mortgage lender as an additional defendant and noted that foreclosure proceedings were already underway.[11] It asked the trial court to enjoin the mortgage lender from disbursing to Mr. Sprunger any excess proceeds from the anticipated foreclosure sale of his property.[12]

---

[9] Since Section 39-17-103 refers to the abandonment of certain airtight containers, we presume for purposes of this appeal that the State intended this sentence in the Complaint to refer to Section 39-17-1003. Thus the Complaint did not correctly cite the statute Mr. Sprunger was actually convicted of violating, and left Mr. Sprunger, a *pro se* defendant, uninformed about the exact basis for the relief sought. As mentioned below, the Complaint is rife with such mis-citations, and we cannot know how this fact affected the arguments Mr. Sprunger made to the trial court.

[10] Section 39-17-408 contains only a list of Schedule II controlled substances and is irrelevant to any relief sought in the Complaint. We presume for purposes of this appeal that the State intended to cite Tennessee Code Annotated § 39-17-1008.

[11] In December 1997, Mr. Sprunger took out a loan of $84,000 with his mortgage lender and secured this loan with the Property. As of October 2010, the amount remaining on the loan was $47,813.65; this left $36,186.35 in equity.

[12] The same day the Complaint for forfeiture was filed, the trial court sent Mr. Sprunger a notice informing him that the State's request for injunctive relief against the mortgage lender would be heard on

In response to the Complaint for forfeiture, Mr. Sprunger, representing himself, sent the trial court a letter dated October 6, 2010. Most of the letter was devoted to arguing that he did not violate Tennessee Code Annotated § 39-17-1004, so the proceeds from the sale of his home should not be subjected to forfeiture.[13] However, in addition to this larger argument, Mr. Sprunger's letter informed the trial court that the State never gave him the required instructions on the procedure for contesting the forfeiture of his property:

> The statutory lien for violation of 39-17-408 and that at or about the same time the lien lis pendens was filed, the State of Tennessee sought and received the forfeiture warrant that duly executed by [the criminal court judge] pursuant to 53-11-201. The office [sic] who delivered the receipt of seizure and forfeiture failed to provide me with instruction [sic] as stated under 53-11-201B, the procedure by which recovery of the property may be sought.[14] I assert my rights under this provision have been violated. . . . I request pursuant to 53-11-201(2) failure to carry the burden of proof shall operate as a bar to any forfeiture under the chapter this petition be denied. [sic]

(Footnote added).

On October 21, 2010, the trial court granted the State the requested injunctive relief, enjoining Mr. Sprunger's mortgage lender from distributing to Mr. Sprunger the excess

---

October 15, 2010.

[13] Mr. Sprunger's letter correctly notes that the Complaint refers to Tennessee Code Annotated §§ 39-17-103 and 39-17-408, which deal with abandonment of containers and controlled substances, respectively. The letter points out that Mr. Sprunger was neither charged with nor convicted of these offenses. As noted above, these statutory references in the Complaint were apparently erroneous citations.

[14] Mr. Sprunger's letter mentions instructions referenced in Tennessee Code Annotated § 53-11-201 (2008). This statute is not applicable to this case, as it sets forth the forfeiture and confiscation procedures pertaining to drugs and narcotics. However, the receipt requirement referenced by Mr. Sprunger in his letter is similar to that which is set forth in Section 40-33-203(c)(5), the statute that is applicable in this matter. Compare Tenn. Code Ann. § 40-33-203(c)(5) ("Upon the seizure of any personal property subject to forfeiture pursuant to § 40-33-201, the seizing officer shall provide the person found in possession of the property, if known, a receipt titled a "Notice of Seizure." The notice of seizure shall contain the following: . . . (5) The procedure by which recovery of the property may be sought, including any time periods during which a claim for recovery must be submitted"), with Tenn. Code Ann. § 53-11-201(a)(1)(B) ("The receipt shall state a general description of the seized property or conveyance, the reasons for the seizure, the procedure by which recovery of the property or conveyance may be sought, including the time period in which a claim for recovery must be presented, and the consequences of failing to file within the time period.").

proceeds from the anticipated foreclosure sale. The next day, on October 22, 2010, Mr. Sprunger's home was sold at auction for $85,000. After Mr. Sprunger's loan balance of $53,393.74, including interest and foreclosure fees, was paid to the mortgage lender, the remaining $31,606.26 in excess proceeds was deposited with the chancery court clerk and master, pending resolution of the forfeiture proceeding.

As of December 2010, the trial court had not yet held the trial on the Complaint for forfeiture. Still incarcerated, Mr. Sprunger wrote a second letter to the trial court and filed it with the court clerk. This letter noted that the "Proof of Affidavit" referenced in the forfeiture warrant was never provided to Mr. Sprunger, and asserted misuse of the forfeiture proceedings to prevent Mr. Sprunger from accessing funds to hire a lawyer to defend the criminal charges against him:

> I cannot assert more strongly that the State of Tennessee in acquiring a forfeiture warrant and subsequent lien violated my constitutional right to a fair trial by denying me access to the equity I had invested in my home that could have most certainly would have been used in my defense. . . .

> On May 19, 2009, Det. John Haynes provided an affidavit for [the criminal court judge] alleging proof that my home was being used in violation of TCA 39-17-1004. I have not been given a copy of the affidavit and do not know how to obtain a copy . . . . With the affidavit submitted, [the criminal court judge] signed the warrant.

> On May 29, 2009[,] I was given a copy of the Lien Les Penders [sic]. I took the copy to Attorney Kevin Bryant at Crossville where he advised me that this was a tool employed by D.A.[]s to "tie the hands" of the accused financially whereby preventing them from adequately defending themselves.

Approximately ten months later, on October 24, 2011,[15] the trial court conducted the trial on the Complaint for forfeiture. Mr. Sprunger, still incarcerated, appeared telephonically from prison and represented himself. At the outset, the trial judge acknowledged on the record to Mr. Sprunger that he had "filed a letter with the Clerk earlier, and that although that is technically not an Answer, I'm going to treat it as an Answer to, at least allow you to have this hearing, okay?" Asked his position on the Complaint, Mr. Sprunger offered to read his October 2010 letter to the trial court. The trial

---

[15] The cover of the transcript from this proceeding states that the hearing occurred on October 21, 2011. However, both the scheduling order and the order adjudicating the Complaint state that the hearing occurred on October 24, 2011.

judge replied, "I have already read it." Mr. Sprunger then addressed at some length the State's allegation that he violated both Section 39-17-1003 and Section 39-17-1004. He pointed out that he was convicted of violating only Section 39-17-1003, that is, possession of child pornography. The trial judge then said to Mr. Sprunger, "Is there anything else you want to tell me? Because I have read your letter." After the trial court's response, Mr. Sprunger shifted away from substantive arguments and asked procedural questions about the trial.

During the trial, the State entered into evidence several exhibits, including the forfeiture warrant, the notice of the lien *lis pendens*, and Mr. Sprunger's judgment of conviction. The trial court heard testimony from Detective Haynes and the computer technician who discovered the illegal images on Mr. Sprunger's computer. Mr. Sprunger declined to testify.

Detective Haynes testified about the investigation he conducted after he saw the illegal images on Mr. Sprunger's computer while it was in the repair shop. He referred briefly to having obtained a forfeiture warrant from the criminal court judge on May 19, 2009, but offered no testimony about the basis for the warrant or the information he furnished to either the criminal court judge or Mr. Sprunger.[16] The State offered no further proof on its compliance with the forfeiture procedures. In closing, counsel for the State argued that the State "properly filed and perfected our lien. There was a forfeiture warrant that was issued; there was a lien lis pendens. The State did everything that we were supposed to do to perfect our interest."

After the trial, on October 24, 2011, the trial court entered its order. The order detailed Mr. Sprunger's conviction and the discovery of the illegal images on his computer. It held that Mr. Sprunger's real property was "utilized and used in the commission of [the violation of Tennessee Code Annotated § 39-17-1003]" and ordered that the proceeds from the sale of the real property in the amount of $31,606.26 "be divested from [Mr. Sprunger] and invested in the State of Tennessee." The order included the following factual findings:

> 8. That on May 19, 2009, Mr. John A. Haynes, a Criminal Investigator of the Cumberland County Sheriff's Department prepared and filed an affidavit to [the] Criminal Court Judge of Cumberland County, Tennessee. At the same time, there was a forfeiture warrant and a notice of seizure and forfeiture of

---

[16] On cross examination of Detective Haynes, Mr. Sprunger reiterated that the forfeiture warrant referenced only an alleged violation of Section 39-17-1004 and did not mention Section 39-17-1003, the statute he was convicted of violating.

conveyances filed in accordance with [Tennessee Code Annotated §] 39-17-1008.

9. On May 20, 2009, an Abstract of Suit and *lien lis pendens* was filed in the Cumberland County Register of Deeds, and was recorded. . . .

10. That the State of Tennessee filed a *lien lis pendens* to perfect the statutory lien for violation of the aforementioned statute. . . .

11.That at or about the same time that the *lien lis pendens* was filed, the State of Tennessee sought and received the forfeiture warrant that was duly executed by [the criminal court judge]. That the State of Tennessee filed its petition for the forfeiture in accordance with [Tennessee Code Annotated §] 39-17-1008; however, no hearing was had on this petition.

The trial court then ordered forfeiture of the proceeds from the sale of Mr. Sprunger's house, to be distributed as set forth in Tennessee Code Annotated § 39-13-530. From this order, Mr. Sprunger appealed.

On appeal to the Court of Appeals, Mr. Sprunger argued, *inter alia*, that "the forfeiture warrant court" failed "to follow the mandatory requirements of [Tennessee Code Annotated] § 40-33-204(a) and (b)." The State contended that Mr. Sprunger waived his argument on this issue.

In a Memorandum Opinion, the Court of Appeals agreed with the State that Mr. Sprunger waived his argument regarding the sufficiency of the forfeiture warrant. It stated that Mr. Sprunger did not "raise any objection regarding the sufficiency of the forfeiture warrant in the trial court" and "did not raise any issue concerning the sufficiency of the forfeiture warrant until after he had filed his notice of appeal." State of Tennessee v. Sprunger, No. E2011-02573-COA-R3-CV, 2013 WL 4647685, at *2, *4 (Tenn. Ct. App. Aug. 26, 2013). The Court of Appeals acknowledged that Mr. Sprunger overall "takes issue with the State's action in this case" but focused on Mr. Sprunger's argument that the criminal court judge who issued the forfeiture warrant did not maintain a record of any *ex parte* hearing that occurred, as required under Tennessee Code Annotated § 40-33-204(b). Id. at *3-4. The Court of Appeals noted that there was no indication in the record that Mr. Sprunger requested a transcript or the record from this proceeding. Id. at *4. Even if he did, the Court of Appeals stated, it was "incumbent upon Mr. Sprunger to remind the court of the request and pursue his right to that transcript before the trial court ruled." Id.

The Court of Appeals then held that Mr. Sprunger's real property was subject to

-9-

forfeiture based on Section 39-17-1008 and held that the evidence did not preponderate against the trial court's finding that the property was "'used in the commission' of the offense." Id. at *5-6. The Court of Appeals held that it could not "conclude that the evidence preponderates against the trial court's determination that the State satisfied its burden to show that the Property was used in the commission of Mr. Sprunger's crime." Id. at *6.

Mr. Sprunger then sought permission to appeal to this Court. Permission to appeal was granted on December 12, 2013.

## Issues Presented

On appeal, Mr. Sprunger seeks to raise three issues. First, he argues that the procedural defects in the forfeiture warrant proceedings nullify the forfeiture. Second, he contends that the evidence was insufficient to support the forfeiture of his house for the offense of possession of illegal images on his computer. Finally, he asserts that the forfeiture constituted an excessive fine.

In response, the State argues that Mr. Sprunger waived any argument regarding the procedural requirements and whether the forfeiture constituted an excessive fine by not raising those arguments to the trial court. In the event those arguments are not waived, the State maintains that they are without merit. The State also insists the evidence was sufficient to support the trial court's finding that Mr. Sprunger "used" his real property in the commission of the crime for which he was convicted, and so it was properly subject to forfeiture.

We respectfully disagree with the State's position that Mr. Sprunger's argument regarding the procedural requirements for the forfeiture proceedings was not raised in the trial court below. Mr. Sprunger's October 2010 letter, considered by the trial court to be his answer to the Complaint for forfeiture, expressly states that the State failed to give him instructions on how to contest the forfeiture of his home, as required by statute. At trial, the trial judge dissuaded Mr. Sprunger from reading the letter by stating, twice, that he had read the letter. Moreover, Mr. Sprunger's December 2010 letter informs the trial court that Mr. Sprunger had never received the affidavit furnished to the criminal court judge to support issuance of the forfeiture warrant, and that the record did not include any such affidavit. In the Court of Appeals, the Issues Presented for Review in Mr. Sprunger's brief listed "The failure of the forfeiture court to follow the mandatory requirements of [Tennessee Code Annotated §] 40-33-204(a) and (b)." While the issue listed by Mr. Sprunger erroneously cites to Section 40-33-204, the body of his brief cites the correct statute as to the content of the "Notice of Seizure," namely, Section 40-33-203(c), and he argues in his brief that he

"complained on several occasions that he never was given instructions for the procedure by which recovery of the property could be sought."

We are "'mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary and [will] not excuse the pro se litigant from complying with the same substantive and procedural rules that represented parties must observe.'" Barnett v. Tenn. Orthopaedic Alliance, 391 S.W.3d 74, 79 (Tenn. Ct. App. 2012) (quoting Hessmer v. Hessmer, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We also recognize that courts "should take into account that many pro se litigants have no legal training and little familiarity with the judicial system." Hessmer, 138 S.W.3d at 903. Rules 13(b) and 36(a) of the Tennessee Rules of Appellate Procedure give the appellate courts discretion to address issues even if they are not raised in strict compliance with court rules, in order to achieve fairness and justice.[17] Heatherly v. Merrimack Mut. Fire Ins. Co., 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) (citing Aaron v. Aaron, 909 S.W.2d 408, 412 (Tenn. 1995)). "Taken together, these rules permit appellate courts to grant complete relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues." Id. (citing Realty Shop, Inc. v. RR Westminster Holding, Inc., 7 S.W.3d 581, 608 (Tenn. Ct. App. 1999)); see also Reid v. State, 197 S.W.3d 694, 700 (Tenn. 2006); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (in context of criminal post-conviction proceedings, due process concerns can still be implicated where a potential litigant is denied "an opportunity for the presentation of claims at a meaningful time and in a meaningful manner").

No doubt the issues Mr. Sprunger now seeks to argue would have been more clearly raised had he been represented by counsel in the proceedings below. Nevertheless, we think

---

[17]Rule 13(b) states:

Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court[s] have jurisdiction over the subject matter, whether or not presented for review, and may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process.

Tenn. R. App. P. 13(b).

Rule 36(a) states:
[Appellate courts] shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief . . . provided, however, relief may not be granted in contravention of the province of the trier of fact.

Tenn. R. App. P. 36(a).

that he sufficiently raised to the lower courts the multiple procedural deficiencies in the forfeiture proceedings, so that it would not be unfair surprise to the State for us to consider them. Moreover, the arguments Mr. Sprunger seeks to make involve important due process issues. See Reid, 197 S.W.3d at 700; Burford, 845 S.W.2d at 208. Under all of these circumstances, we exercise our discretion to address the issues raised regarding the procedural deficiencies in the forfeiture proceedings below.

## Analysis

Forfeiture is defined as "[t]he divestiture of property without compensation." Black's Law Dictionary 722 (9th ed. 2009) (Forfeiture). In the context of this case, the divestiture occurs because of a crime and title to the forfeited property is transferred to the government. Id. At first blush, forfeiture appears to be an amalgam of a civil and a criminal proceeding. Indeed, some Tennessee decisions have described forfeiture proceedings as "*quasi criminal* in nature." Garrett v. State Dep't of Safety, 717 S.W.2d 290, 291 (Tenn. 1986) (italics in original); Reece v. Lawson, No. 01A01-9310-CH-00439, 1994 WL 171056, at *4 (Tenn. Ct. App. May 6, 1994). However, later decisions by the United States Supreme Court and by this Court clarify that forfeiture actions are *in rem*, regarding the property; while they proceed parallel to criminal prosecutions and are "based upon the same underlying events," they are civil in nature.[18] U.S. v. Ursery, 518 U.S. 267, 274 (1996); Stuart v. State Dep't of Safety, 963 S.W.2d 28, 34 (Tenn. 1998). Because forfeiture proceedings are considered civil, "[t]he State has a less onerous burden—that of proving only by a preponderance of the evidence that the property is subject to forfeiture. This is to be contrasted with the State's burden in criminal proceedings—proof beyond a reasonable doubt." Stuart, 963 S.W.2d at 33 (citations omitted).

Although civil forfeiture has recently been a topic of national conversation,[19] its

---

[18] Civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause in either the Tennessee or the United States Constitution. Ursery, 518 U.S. at 292; Stuart, 963 S.W.2d at 34.

[19] Recently, critics of civil forfeiture have suggested that law enforcement has in some instances abused civil forfeiture, and have emphasized that forfeiture can occur even where there is no conviction for the underlying offense. See, e.g., *Last Week Tonight with John Oliver* (HBO television broadcast Oct. 5, 2014), available at https://www.youtube.com/watch?v=3kEpZWGgJks; Michael Sallah, Robert O'Harrow Jr. & Steven Rich, *Stop and Seize: Aggressive Police Take Hundreds of Millions of Dollars from Motorists Not Charged with Crimes*, The Washington Post (Sept. 6, 2014), http://www.washingtonpost.com/sf/investigative/2014/09/06/stop-and-seize/; Darpana M. Sheth, *Policing for Profit: The Abuse of Forfeiture Laws,* 14 Engage: J. Federalist Soc'y Prac. Grps. 24, 27 (2013). Tennessee courts have noted that, under Tennessee's statutes, forfeiture can occur even where the underlying

origins date back to English law before the founding of our nation. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 682 (1974). In Tennessee, civil forfeiture has been part of the legal landscape since the State joined the Union as the new nation's sixteenth state. See Helms, 987 S.W.2d at 547-48 (recounting history of Tennessee forfeiture law); see also Lester's Case, 23 Tenn. 383, 384 (Tenn. 1843); Wallace v. Wier, 1 Tenn. 312, 313 (Tenn. 1808); Jones v. Greene, 946 S.W.2d 817, 820-22 (Tenn. Ct. App. 1996) (outlining evolution of Tennessee's civil drug forfeiture procedures, culminating in adoption of Tenn. Code Ann. § 40-33-201, *et seq*.).

Although it has some punitive overtones, civil forfeiture serves a number of non-punitive purposes. These include encouraging property owners to ensure that their property is not used for illegal purposes, abating a nuisance, preventing further illicit use of forfeited property, and rendering illegal behavior unprofitable. Ursery, 518 U.S. at 290; Stuart, 963 S.W.2d at 33-34.

By any measure, however, the taking of a citizen's property–even his home–with no compensation is an extraordinary exercise of the State's police power. Redd v. Tenn. Dep't of Safety, 895 S.W.2d 332, 335 (Tenn. 1995) (referring to civil forfeiture as an exercise of the State's police power). Civil forfeiture clearly implicates due process protections: "Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law." Wells v. McCanless, 198 S.W.2d 641, 642-43 (Tenn. 1947). In Redd, the Court elaborated on this principle, citing the Tennessee Constitution:

> One of the basic constitutional guarantees, procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Tennessee Constitution, prohibit the forfeiture of private property without first providing those with an interest in the property to a hearing held at a reasonable time and in a meaningful manner. Notice must be given in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking. One of the essential elements of due process in the confiscation and forfeiture of private property is adequate notice to all interested parties.

---

criminal charges are dismissed. See, e.g., Watson v. Tenn. Dep't of Safety, 361 S.W.3d 549, 557 (Tenn. Ct. App. 2011); Hargrove v. State Dep't of Safety, No. M2004-00410-COA-R3-CV, 2005 WL 2240970, at *2 (Tenn. Ct. App. Sept. 15, 2005).

Redd, 895 S.W.2d at 334-35 (citations omitted).[20]

In Tennessee, while forfeiture is permissible, it is not favored: "The public policy of this state as expressed in the state constitution opposes forfeitures for convictions of crimes unless specifically provided for." Hays v. Montague, 860 S.W.2d 403, 408 (Tenn. Ct. App. 1993) (citing Whisnant v. Byrd, 525 S.W.2d 152, 153 (Tenn. 1975), *overruled on other grounds by* Logan v. Winstead, 23 S.W.3d 297 (Tenn. 2000); Fields v. Met. Life Ins. Co., 249 S.W. 798, 798 (Tenn. 1923)). "Forfeitures are not favored by the law." Redd, 895 S.W.2d at 335; see also Wells, 198 S.W.2d at 643 ("Forfeitures are not favored."). Consequently, "statutes authorizing forfeitures are to be strictly construed." Watson, 361 S.W.3d at 555 (citing Redd, 895 S.W.2d at 335); see also Wells, 198 S.W.2d at 643 ("Forfeiture statutes are to be strictly construed.").

Against this backdrop, we review the statutes at issue in this case. In 2006, the legislature enacted Tennessee Code Annotated § 39-17-1008 to include sexual crimes against children among the offenses that can be the basis for forfeiture of property. Tennessee Code Annotated § 39-17-1008(a) provides: "Any conveyance or real or personal property used in the commission of an offense under this part is subject to forfeiture under title 40, chapter 33, part 2." Tenn. Code Ann. § 39-17-1008(a). In support of the proposed bill, the legislative sponsor explained that such criminals "use the internet to lure these children in and then some of them will take them places in their car, or maybe in their house, and this just allows us to seize those assets that were used in the commission of these crimes." Hearing on S.B. 3245/H.B. 3776 on the Senate Floor, 104th Gen. Assemb. (Tenn. May 23, 2006); 2006 Tenn. Pub. Acts. Ch. 960 (statement by Sen. Tim Burchett) (as cited by Mr. Sprunger in his Brief).

We note parenthetically that statutes pertaining to other types of crimes that authorize the forfeiture of real property specify forfeiture procedures that are tailored to real property. See, e.g., Tenn. Code Ann. § 39-11-707(e)-(f) (2014) (requires filing of notice of lien *lis pendens* as to real property subject to forfeiture, and then "the state shall, as soon as is practicable, serve a copy of the notice upon any person who has a duly recorded interest in the property as reflected in public records."). In contrast, the provisions referenced in Section 39-17-1008 set forth administrative procedures that pertain to the forfeiture of personal property, not real property. At all times relevant to this appeal, Tennessee Code

_____

[20]Article 1, section 8 of the Tennessee Constitution states, "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8.

Annotated § 40-33-201 stated: "All *personal property*, including conveyances, subject to forfeiture under [several delineated statutes not applicable to this appeal], shall be seized and forfeited in accordance with the procedure set forth in this part." Tenn. Code Ann. § 40-33-201 (2012) (emphasis added). Thus, for reasons that are not apparent, as to the forfeiture of *real* property used in the commission of sexual crimes against children, Section 39-17-1008 mandates forfeiture procedures tailored to the forfeiture of *personal* property. While we can speculate that this may have been the result of inadvertence, we are obliged to apply the statutes as written by our Legislature. Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008); Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338, 343 (Tenn. 2002) (citing State v. Levandowski, 955 S.W.2d 603, 604 (Tenn. 1997)). With that understanding, we go on to outline the procedures the State was required to follow in this case, as set forth in the statutes in effect at the time of the forfeiture proceedings below.[21]

In a previous decision, this Court described the forfeiture procedures codified in Tennessee Code Annotated §§ 40-33-201, *et seq*., as following "an administrative model for the forfeiture of property." Helms, 987 S.W.2d at 547. The Helms Court broadly summarized them:

> Persons seeking to contest forfeiture of personal property . . . must file a timely claim with the Commissioner of Safety. . . . Claimants are then entitled to a contested case hearing under the Uniform Administrative Procedures Act in which the State must prove by a preponderance of the evidence that the property at issue is subject to forfeiture. The party dissatisfied with the Commissioner's final order may seek judicial review by filing a written notice in either the circuit or chancery court of Davidson County.

Id. (internal citations omitted).

Consistent with the broad outlines in Helms, the statutes detail the procedures the State must follow. Under Section 40-33-203, the seizing officer may seize the subject property prior to the issuance of a forfeiture warrant. Tenn. Code Ann. § 40-33-203 (2012).[22] To notify the

---

[21] The requirements in Section 40-33-201, *et seq.* were modified in 2013. See Act of April 17, 2013, Ch. 382, 2013 Tenn. Pub. Acts 1111 §§ 33-36 (S.B. 186) (effective Jan. 1, 2014). These amendments are not applicable to the instant case; we analyze the statutes as they existed at the times relevant to this appeal.

[22] At all times relevant to this appeal, Section 40-33-203 stated:

(a) Upon effecting a seizure, the seizing officer shall prepare a receipt titled a "Notice of Seizure." The notice of seizure shall be a standard form promulgated by the applicable agency. The applicable agency may adopt

affected person of the seizure, the seizing officer must "prepare a receipt titled a 'Notice of Seizure'" and must "provide the person found in possession of the property" the receipt. Tenn. Code Ann. § 40-33-203(a), (c) (2012). Among other things, the Notice of Seizure must include "[t]he procedure by which recovery of the property may be sought, including any time periods during which a claim for recovery must be submitted." Tenn. Code Ann. § 40-33-203(c)(5) (2012).

After the initial seizure of the property, no further action may be taken until the appropriate court issues a forfeiture warrant. Tenn. Code Ann. § 40-33-204.[23]

---

an existing notice of seizure form.

(b)(1) Upon seizure of a conveyance, the seizing officer shall make reasonable efforts to determine the owner or owners of the property seized as reflected by public records of titles, registrations and other recorded documents.
. . .
(c) Upon the seizure of any personal property subject to forfeiture pursuant to § 40-33-201, the seizing officer shall provide the person found in possession of the property, if known, a receipt titled a "Notice of Seizure." The notice of seizure shall contain the following:

> (1) A general description of the property seized and, if the property is money, the amount seized;
> (2) The date the property was seized and the date the notice of seizure was given to the person in possession of the seized property;
> . . .
> (4) The reason the seizing officer believes the property is subject to seizure and forfeiture;
> (5) The procedure by which recovery of the property may be sought, including any time periods during which a claim for recovery must be submitted; and
> (6) The consequences that will attach if no claim for recovery is filed within the applicable time period.

Tenn. Code Ann. § 40-33-203 (2012).

[23] At all times pertinent to this case, Section 40-33-204 stated:

(a) Once personal property is seized pursuant to an applicable provision of law, no forfeiture action shall proceed unless a forfeiture warrant is issued in accordance with this section by a general sessions, circuit, criminal court or popularly elected city judge. The forfeiture warrant shall authorize the institution of a forfeiture proceeding under this part. . . .

(b) The officer making the seizure shall apply for a forfeiture warrant by filing a sworn affidavit within five (5) working days following the property seizure. The forfeiture warrant shall be based upon proof by affidavit and shall have attached to it a copy of the notice of seizure. The hearing on the application for a forfeiture warrant shall be ex parte and shall be recorded. It is the duty of the court to maintain the recording. Certified copies of the

The forfeiture warrant authorizes the institution of forfeiture proceedings. Tenn. Code Ann. § 40-33-204(a). The officer who made the seizure must apply for the forfeiture warrant "within

---

proceeding shall be made available to any party requesting them, and the same shall be admissible as evidence. The affidavit in support of a forfeiture warrant shall be sworn to and state the following:

> (1) The legal and factual basis making the property subject to forfeiture;
> (2) If the owner or co-owner of the property was not the person in possession of the property at the time of the seizure and can be determined from public records of titles, registrations or other recorded documents, the affidavit shall state with particular specificity the officer's probable cause for believing that the owner or co-owner of the property knew that the property was of a nature making its possession illegal or was being used in a manner making it subject to forfeiture as well as the legal, and factual basis for forfeiture of the interest; and
> (3) If the interest of a secured party with a duly perfected security interest as reflected in the public records of titles, registrations or other recorded documents, is sought to be forfeited, the affidavit shall state with particular specificity the officer's probable cause that the secured party's interest in the property is nevertheless subject to forfeiture as well as the legal and factual basis for forfeiture of the interest.

(c)(1) The judge shall issue the forfeiture warrant if the judge finds that the offered proof establishes probable cause to believe that:

> (A) The property is subject to forfeiture; and
> (B) If the property is owned by one whose interest is described in public records of titles, registrations or other recorded documents, that the owner's interest is subject to forfeiture under the applicable provision of law.

. . .

(g) Upon issuance of the forfeiture warrant, the judge shall retain the affidavit relied upon in support of the warrant and the officer shall, within seven (7) working days, send the warrant, a copy of the affidavit and the notice of seizure to the applicable agency. By signing and issuing the forfeiture warrant, the judge is affirming that the required finding of probable cause necessary to issue the warrant has been made. Upon receipt of the documents, the applicable agency shall notify any other owner, as may be determined from public records of titles, registrations or other recorded documents, or secured party that a forfeiture warrant has been issued. Upon receipt of the notice of seizure and forfeiture warrant and after interviewing any witnesses, the applicable agency shall release the property if there is no legal and factual basis for forfeiture. The seizing agency shall maintain a copy of the notice of seizure for all property seized at its main office and the notices and receipts shall be public records.

Tenn. Code Ann. § 40-33-204 (2012).

five (5) working days following the property seizure."[24] Tenn. Code Ann. § 40-33-204(b)(2012). He or she does so "by filing a sworn affidavit." Id. The officer's sworn affidavit must contain specific information detailed in the statute, including the "legal and factual basis making the property subject to forfeiture." Tenn. Code Ann. § 40-33-204(b)(1).

The court considering the seizing officer's application for a forfeiture warrant must conduct an *ex parte* hearing on the application. Tenn. Code Ann. § 40-33-204(b). The statute mandates that the *ex parte* hearing "shall be recorded" and specifies: "It is the duty of the court to maintain the recording." Id. The court may issue the forfeiture warrant only if it finds the seizing officer offered proof that establishes probable cause to believe that the property is subject to forfeiture, is owned by one whose interest is described in public records, and that the property owner's interest is subject to forfeiture. Tenn. Code Ann. § 40-33-204(c)(1).

If the forfeiture court finds probable cause and issues the forfeiture warrant, it must "have attached to [the warrant] a copy of the notice of seizure." Tenn. Code Ann. § 40-33-204(b). The forfeiture court must also "retain the affidavit relied upon in support of the warrant." Tenn. Code Ann. § 40-33-204(g). The statute states: "By signing and issuing the forfeiture warrant, the judge is *affirming* that the required finding of probable cause necessary to issue the warrant has been made." Id. (emphasis added).

Within seven working days of the issuance of the forfeiture warrant, the seizing officer must send the warrant, the notice of seizure, and a copy of the seizing officer's affidavit to the applicable agency.[25] Id. In this way, the agency becomes the forum for the forfeiture proceedings. The agency's receipt of the documents from the seizing officer triggers its responsibility to inform any other potential owners of the seized property of the issuance of the forfeiture warrant. Tenn. Code Ann. § 40-33-204(g). The agency then considers anew the basis for the forfeiture; after considering the notice of seizure and forfeiture warrant "and after interviewing any witnesses," the agency must "release the property if there is no legal and factual basis for forfeiture." Id.

If a claimant of the seized property wishes to contest the forfeiture, within thirty days of being notified by the applicable agency of the issuance of the forfeiture warrant, the property owner must file a written claim with the applicable agency. Tenn. Code Ann. § 40-

---

[24] The statute specifies the circumstances under which the forfeiture court may grant an extension to the 5-day requirement. *See* Tenn. Code Ann. §40-33-204 (c)(2).

[25] "Applicable agency" is defined as "the agency, board, commission or department charged by law or permitted by agreement with conducting the forfeiture proceeding for the particular property seized." Tenn. Code Ann. § 40-33-202(1) (2012).

33-206 (2012). The written claim must request a hearing and state the person's interest in the seized property, and the claimant must file any applicable bond. Tenn. Code Ann. §§ 40-33-206(a), (b)(1), and -208 (2012). The claimant's compliance with the required procedures then entitles him or her to a contested hearing before the agency under the Uniform Administrative Procedures Act. Tenn. Code Ann. § 40-33-209(d) (2012). Within thirty days after the filing of the written claim and any applicable bond, the agency must establish a hearing date and set the case on its docket. See Tenn. Code Ann. § 40-33-207(a) (2012).

At the contested administrative hearing, the State must prove by a preponderance of the evidence that the property at issue is subject to forfeiture. Tenn. Code Ann. § 40-33-210(a) (2012); see also Helms, 987 S.W.2d at 547. The statutes detail what the State is required to prove at the hearing:

(a) In order to forfeit any property or any person's interest in the property. . . , the state shall have the burden to prove by a preponderance of evidence that:

(1) The seized property was of a nature making its possession illegal or was used in a manner making it subject to forfeiture under the sections set out in this subsection (a); and

(2) The owner or co-owner of the property knew that the property was of a nature making its possession illegal or was being used in a manner making it subject to forfeiture, or, in the case of a secured party, that the standards set out in subsection (f) are met.

(b)(1) Failure to carry the burden of proof shall operate as a bar to any forfeiture and the property shall be immediately returned to the claimant.

Tenn. Code Ann. § 40-33-210 (2012). Any party aggrieved by the agency's decision then has the right to seek judicial review of the agency's decision by filing a written notice in either the Circuit or Chancery Court of Davidson County. Tenn. Code Ann. § 40-33-213(a), (c) (2012). As noted in Helms, "[j]udicial review is conducted without a jury and is limited to the administrative record, except to the extent that Tenn. Code Ann. §§ 4-5-322(e) and -322(g) permit the introduction of additional evidence." Helms, 987 S.W.2d at 547.

The detail in these statutes bespeaks the importance to our Legislature of the procedures for civil forfeiture proceedings. Mindful of the Tennessee Constitution's disfavor for forfeiture, the Legislature clearly intended to adopt forfeiture procedures that would "insure that the [State's] power is not abused." Watson, 361 S.W.3d at 555 (citing Redd, 895 S.W.2d at 335).

As can be readily seen, the forfeiture proceedings that occurred in this case bear little resemblance to the procedures set forth in the applicable statutes. At the outset, the appellate record contains no indication that there was any agency involvement in the forfeiture proceedings at all.[26] Significant parts of the remaining procedures, such as the affidavit supporting the forfeiture warrant, the record of any *ex parte* hearing on the application for the warrant that may have occurred, and most importantly, the instructions to the property owner on how to contest the forfeiture, are likewise either missing or never existed. Indeed, there is no indication in the record that Mr. Sprunger *ever* received an explanation of "[t]he procedure by which recovery of the property may be sought. . . ." Tenn. Code Ann. § 40-33-203(c)(5).

In the face of this, the State argues that "modern decisions have excused strict compliance with the statutory procedural requirements so long as the forfeiting party is not prejudiced." It emphasizes the odious nature of the crime for which Mr. Sprunger was convicted and contends that, because the forfeiture warrant "was clearly supported by probable cause," Mr. Sprunger was not prejudiced by any "technical violations of the procedural statute."

We agree with the State that a number of recent Tennessee decisions have excused the State's failure to comply with the procedural requirements for civil forfeiture, for a variety of reasons. See, e.g., Watson, 361 S.W.3d at 556-57; Garrett, 717 S.W.2d at 292; Harmon v. Jones, No. E2010-02500-COA-R3-CV, 2012 WL 3291792, at *10 (Tenn. Ct. App. Aug. 14, 2012). We must conclude, however, that these cases trend in the wrong direction, as they incline away from strict construction of the forfeiture statutes. The forfeiture statutes provide "that the property shall be subject to forfeiture, not that it is automatically forfeited or confiscated. [They] lay[] down certain procedure to be followed. This procedure constitutes the conditions under which the confiscation is accomplished. In other words, the proceeding is conditioned upon compliance with the conditions prescribed." Wells, 198 S.W.2d at 643.

---

[26] On appeal, neither party has raised an issue regarding the effect of the State's decision to bypass any administrative proceedings and instead commence the forfeiture proceedings by filing a complaint with the chancery court. Because we conclude that the State failed to comply with the statutory forfeiture procedure in many respects, we do not separately address the effect of the State's failure to commence any administrative proceedings. In the absence of any administrative proceedings, for want of a better option, we apply the standard of review applicable to appellate review of a bench trial, under Rule 13(d) of the Tennessee Rules of Appellate Procedure, instead of the standard utilized for judicial review of an administrative decision. See Tenn. Code Ann. § 40-33-213; Jones, 946 S.W.2d at 824 n.35 (noting that Tennessee follows an administrative model in which forfeitures are processed by an administrative agency with the right of judicial review of the agency's decision). Therefore, we review the trial court's findings of fact *de novo* on the record with a presumption of correctness, and we review the trial court's legal conclusions *de novo*, with no presumption of correctness. Our use of the standard of review for a bench trial is not intended to indicate that the State's choice to bypass administrative proceedings was permissible under the forfeiture statutes in effect at the time of the proceedings below.

We are unpersuaded by the State's characterization of its serial failure to follow the forfeiture procedures as mere "technical violations." The statutory procedures are in place to afford parties who have an interest in seized property "adequate notice and a meaningful opportunity to be heard." Toyota Motor Credit Corp. v. State Dep't of Safety, No. M2003-00147-COA-R3-CV, 2003 WL 22519810, at *3 (Tenn. Ct. App. Nov. 7, 2003) (citing Redd, 895 S.W.2d at 333-35; Cooper v. Williamson Cnty. Bd. of Educ., 803 S.W.2d 200, 202 (Tenn. 1990)). As this Court stated in Wells: "We think that the Legislature meant to prescribe conditions under which and under which alone the confiscation could be accomplished, and that such provisions are not mere idle suggestions to be disregarded at will by the officers of the State." Wells, 198 S.W.2d at 643.

Moreover, the State's assertion of waiver by Mr. Sprunger rings hollow in view of the State's failure to provide Mr. Sprunger with basic instructions on how to contest the forfeiture of his home. As noted above, these instructions were expressly required under the forfeiture statutes. See Tenn. Code Ann. § 40-33-203(c)(5).

The State's "exercise of police powers" in effecting the forfeiture of citizens' property "requires black letter compliance to procedural rules intended to safeguard the due process rights of citizens." Redd, 895 S.W.2d at 335. "Statutory authority empowering the State to seize and forfeit private property inherently carries with it an obligation to insure that the power is not abused." Id. "[T]he burden is on the State to satisfy due process." Toyota Motor Credit Corp., 2003 WL 22519810, at *6 (citing Redd, 895 S.W.2d at 335; Greene v. Lindsey, 456 U.S. 444, 449 (1982)).

In light of these principles, we hold that, in forfeiture proceedings, the governmental authority seeking forfeiture must present affirmative proof that it has complied with both the procedural and the substantive requirements in the forfeiture statutes enacted by our Legislature. Consistent with the civil nature of forfeiture proceedings, the State's burden of proof as to both the procedural and substantive statutory requirements is by a preponderance of the evidence. Stuart, 963 S.W.2d at 33.

Requiring the State to present affirmative proof of compliance with the procedural as well as the substantive requirements comports with the reality that, with rare exception, a claimant contesting the forfeiture of his property must proceed *pro se* because, as in this case, the seizure of his property typically deprives the claimant of funds to pay counsel. Often, as is the case here, the self-represented claimant must appear at any forfeiture proceedings telephonically from prison. See, e.g., Watson, 361 S.W.3d at 553. As noted, courts "should take into account that many pro se litigants have no legal training and little familiarity with the judicial system." Hessmer, 138 S.W.3d at 903.

As noted above: "Statutes authorizing forfeitures are to be strictly construed." Redd, 895 S.W.2d at 335; see also Garrett, 717 S.W.2d at 291; Wells, 198 S.W.2d at 643. This directive applies to both the substantive and the procedural provisions of the forfeiture statutes.[27] Strict construction of the procedural as well as the substantive provisions aligns with the Tennessee Constitution's disfavor for forfeiture and serves "to safeguard the due process rights of citizens." Redd, 895 S.W.2d at 335. "'Forfeitures . . . should be enforced only when [they are] within both [the] letter and spirit of the law.'" Wells, 198 S.W.2d at 643 (quoting United States v. One 1936 Model Ford V-8, 307 U.S. 219, 59 S. Ct. 861, 865 (1939)).

In this case, the trial court found that the State filed "a forfeiture warrant and a notice of seizure and forfeiture of conveyances filed in accordance with [Tennessee Code Annotated §] 39-17-1008" and that "the State of Tennessee filed its petition for forfeiture in accordance with [Tennessee Code Annotated §] 39-17-1008." Based on our review of the record, we must conclude that the evidence preponderates against the trial court's findings. The record demonstrates that the State did not comply with the procedural requirements in the applicable forfeiture statutes.

Where "the conditions prescribed [for forfeiture] . . . . have not been complied with[,] . . . no forfeiture or confiscation has occurred." Wells, 198 S.W.2d at 643. The State's failure to prove its compliance with the procedural requirements of the forfeiture statutes in this case requires us to vacate the forfeiture. Consequently, we need not determine whether the trial court erred in holding that Mr. Sprunger "used" his home "in the commission of" possessing child pornography under Tennessee Code Annotated § 39-17-1008(a) ("Any conveyance or real or personal property used in the commission of an offense under this part is subject to forfeiture. . . ."), or whether the forfeiture in this case constitutes an excessive fine under the state and federal constitutions.

Accordingly, we reverse the decision of the trial court and vacate the forfeiture of the excess proceeds from the foreclosure sale of Mr. Sprunger's real property. The cause is remanded to the trial court for entry of an order directing the return to Mr. Sprunger of the excess proceeds paid into court. See Tenn. Code Ann. § 40-33-210(b)(1) ("Failure to carry the burden of proof shall operate as a bar to any forfeiture and the property shall be immediately returned to the claimant.").

---

[27] We recognize that courts must refrain from construing "any statute, including a confiscation statute, so strictly that we negate the intentions of the legislators who passed the law." Garrett, 717 S.W.2d at 291.

## Conclusion

The decision of the trial court is reversed, the forfeiture is vacated, and the cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee State of Tennessee, for which execution may issue if necessary.

_____
JUSTICE HOLLY KIRBY