IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 4, 2025

## MARY WALKER TOWERS (CHA) v. INDUGU "JABBO" JAMEEL ABDUL-HAKIM

**Appeal from the Circuit Court for Hamilton County
No. 24C1031    John B. Bennett, Judge**

———————————————————

**No. E2025-00259-COA-R3-CV**

———————————————————

A tenant was evicted by a housing authority for failure to permit access to his unit and failure to pay rent. The tenant appealed. Because the tenant's pro se brief has severe deficiencies under the Rules of Appellate Procedure and because we are unable to determine the nature of the error asserted by the tenant, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Case Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and VALERIE L. SMITH, J., joined.

Indugu "Jabbo" Jameel Abdul-Hakim, pro se.

Joseph A. Kelly and Sonali Arora, Chattanooga, Tennessee, for the appellee, Mary Walker Towers (Chattanooga Housing Authority).

## OPINION

### I.

Mary Walker Towers (Chattanooga Housing Authority) (herein "CHA") filed a detainer action to evict Indugu "Jabbo" Jameel Abdul-Hakim ("Appellant") from the Mary Walker Towers, a housing development. According to the trial court's order, Appellant failed to comply with his lease, in particular by failing to pay rent and failing to provide CHA access for pest control. The trial court awarded judgment to CHA, granting CHA possession of the property and $1,222 in rent owed.

The court denied a subsequent motion to recuse. After denying the recusal motion, the trial court denied a motion to add trial exhibits, noting that no exhibits were introduced during trial by Appellant. He appeals.

## II.

Appellant is proceeding pro se. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training, and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

CHA asserts that Appellant's brief does not comply with the Tennessee Rules of Appellate Procedure. We agree that the brief does not comport with the applicable Rules. For instance, there is no table of authorities, no statement of the issues presented for review, no statement of the case, no citations to the record, no citations to authority, and no certificate of compliance with Tennessee Rule of Appellate Procedure 30(e). *See* Tenn. R. App. P. 27(a), (g), (h), & (i); Tenn. R. App. P. 30(e). Regarding transgressions of the Tennessee Rules of Appellate Procedure, the Tennessee Supreme Court "has repeatedly emphasized that the overall intent of the appellate rules is 'to disregard technicality in form in order to determine every appellate proceeding on its merits.'" *DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025) (quoting *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024)). "Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process." *Id.* Accordingly, when a violation does not prejudice the opposing party or "otherwise frustrate. . . meaningful appellate review," this court may disregard technical deficiencies. *Id.* This court may not, however, abandon its role as a neutral reviewer to become an advocate for one of the parties or look past the violation where there is unfair prejudice to the opposing party. *See*, *e.g.*, *Trezevant*, 696 S.W.3d at 531 (noting that "an appellant that broadly asserts error in the statement of issues and presents an argument that leaves the

opposing party guessing at the issues to which it must respond, or leaves the reviewing court scouring the record for reversible errors, risks having its issues waived"); *Hamadani v. Meshreky*, No. M2023-01161-COA-R3-CV, 2024 WL 3466977, at *3 (Tenn. Ct. App. July 19, 2024) (declining to consider the merits based upon a Rule 27 violation where the nature of the violation was such that "[t]o consider this appeal on the merits would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant"); *Etheredge v. Estate of Etheredge*, No. M2022-00451-COA-R3-CV, 2023 WL 5367681, at *4 (Tenn. Ct. App. Aug. 22, 2023) (considering an issue despite a Rule 27 violation where "the error in approach to record citation by Wife's Estate has not imposed meaningful prejudice to the [opposing party] or any meaningful burden upon this court"); *FedTrust Fed. Credit Union v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at *2 (Tenn. Ct. App. June 1, 2023) (considering an issue where "the legal analysis is relatively straightforward, and we perceive no prejudice to [the opposing party] or the administration of justice from considering [appellant's] arguments despite her Rule 27 violations"); *City of La Vergne v. LeQuire*, No. M2016-00028-COA-R3-CV, 2016 WL 6124117, at *2 (Tenn. Ct. App. Oct. 19, 2016) (considering the appeal on the merits despite violations of Rule 27 because the shortcomings of the brief did "not impede our ability to consider the merits of his argument on appeal" and the opposing party "does not contend that it would be unfairly prejudiced by our doing so").

In the case at bar, in addition to the defects of form under Rule 27, it is unclear from the Appellant's briefing what his argument for reversible error in the present case is.[1]  *See* Tenn. R. App. P. 27(a)(7) (requiring briefs to contain an argument, including "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record" and a standard of review); *see also* Tenn. R. Ct. App. 6 (requiring, among other things, statements identifying "the alleged

---

[1] With no citation to the record, Appellant's brief includes a series of factual assertions about improper actions by the United States Postal Service, the Chattanooga Police Department, and CHA.  A portion of Appellant's brief presents factual allegations, such as that Appellant cooperated with CHA until CHA illegally entered his apartment on one occasion, that Appellant conducted his own pest control after this, and that there was unauthorized use of personal information he provided CHA.  He asserts that CHA employees completed a fraudulent background check and accused him of an aggravated assault he did not commit and that they attempted to evict him based on this false criminal history.  Appellant's brief accuses various parties of Islamophobia.   The brief reproduces a 2023 letter he wrote to CHA stating that in 2020, he was falsely arrested and kidnapped by police in Chattanooga on the basis of his race and that aggravated assault charges filed against him were dismissed when the alleged victim did not appear to testify.  The brief also appears to quote a news article regarding mail delays in the United States Postal Service.  We interpret the brief to assert that his case was delayed by post office delays or that documents were lost.  Another portion of the brief is an informal transcription of part of a deposition, in which Appellant asserted the lease allowed him to refuse CHA entry.  While it is apparent that Appellant believes that he has been wronged by multiple parties, none of Appellant's factual allegations coalesce to construct an argument based on evidence that was before the court or establish that the trial court erred in granting CHA possession of the property or in awarding CHA back rent.

erroneous action of the trial court," "how such alleged error was seasonably called to the attention of the trial judge," and how the "appellant was prejudiced by such error"). The closest that we have been able to arrive at discerning an argument for reversible error on appeal is an apparent objection to the trial court's denial of Appellant's post-trial motion to add exhibits that he contends were excluded at the trial. In denying the motion, the trial court indicated that the exhibits were not introduced at trial. While Appellant states that crucial information was excluded as a result of the trial court's decision, he does not say what this information was or why it was crucial, and he cites to neither the record nor legal authority for the proposition that the trial court erred in refusing to add the post-trial exhibits. Without an argument as to what the evidence was, why it should have been admitted, and why it was erroneous to deny the post-trial motion, we are unable to determine what error or errors Appellant is asserting occurred before the trial court.

In the absence of an argument presented by Appellant, any review in the present case would require this court to abandon its role of impartial reviewer and become instead an advocate for Appellant, which is something we cannot do. *Hamadani*, 2024 WL 3466977, at *3; *see Turley v. Mendez*, No. W2024-00894-COA-R3-CV, 2025 WL 1937206, at *4 (Tenn. Ct. App. July 15, 2025) (dismissing a pro se litigant's appeal and reasoning that "[i]n the absence of any cogent argument, this Court is placed in the position of having to make Mr. Turley's arguments for him . . . ."). Appellant is plainly upset at his treatment at the hands of several individuals and organizations. He has not, however, explained to this court how the trial court erred, and we are not empowered to scour the record in search of errors and to develop an argument in support thereof.

III.

For the reasons discussed above, Appellant's appeal is dismissed. Costs of this appeal are taxed to Appellant, Indugu "Jabbo" Jameel Abdul-Hakim, for which execution may issue if necessary.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE