IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

**IN RE PROPERTY OF TWYLA MILES**

**Appeal from the Criminal Court for Shelby County**
**No. P-41223  J. Robert Carter, Jr., Judge**
_____

**No. W2016-00132-COA-R3-CV – Filed January 27, 2017**
_____

This appeal involves an in rem forfeiture proceeding which was initiated after the appellant's property was seized as proceeds of illegal drug sales.  The appellant did not file a claim in the forfeiture proceedings.  On appeal, she asserts that she was denied due process because she did not receive notice of the forfeiture proceedings.  The record does not support the appellant's assertion that she was not afforded adequate notice.  We, therefore, affirm the decision of the trial court forfeiting the appellant's interest in the seized property.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Randall James Spivey, Nashville, Tennessee, for the appellant, Twyla Miles.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Michael A. Meyer, Special Counsel, for the appellee, State of Tennessee.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Twyla Miles was the purported co-owner of a piece of real estate on Parkland Road in Memphis, a 2002 Chevrolet van, and two bank accounts at the Bank of America. On April 23, 2015, the State of Tennessee filed a Complaint for Forfeiture in Rem and Notice of Lien Lis Pendens regarding the real property, the van, and the two bank accounts alleged to belong to Ms. Miles.  The complaint sought forfeiture of the property

pursuant to Tenn. Code Ann. § 39-11-701 *et seq.* and includes the following pertinent allegations:

> In 2014, Twyla Miles was identified as a supplier in a drug ring network during "Operation Whitehaven Dilaudid Family" conducted by the Memphis Police Department's Organized Crime Unit. . . .
>
> . . . .
>
> Det. N. Payne of the Memphis Police Department's Organized Crime Unit prepared and swore to an Affidavit of Complaint wherein Twyla Miles was charged with Possess Controlled Substance with Intent to Manufacture/Deliver Sell, to wit:  Dilaudid, pursuant to T.C.A. § 39-17-417, Possess Controlled Substance with Intent to Manufacture/Deliver/Sell, to wit:  Xanax, pursuant to T.C.A. § 39-17-417, Possess Controlled Substance with Intent to Manufacture/Deliver/Sell, to wit:  Oxycodone, pursuant to T.C.A. § 39-17-417 and Money Laundering Act of 1996 pursuant to T.C.A. § 39-14-903 that sets forth the narrative as follows: . . .
>
> . . . .
>
> Three Notices of Property Seizure were prepared in this case for Twyla Miles and mailed to her on March 16, 2015, as receipt for the certain real property located at 1052 Parkland Road, the 2002 Chevrolet Workhorse P42 . . . and all bank accounts, funds and safe deposits associated with defendant Miles.  Copies of the Notices of Property Seizure are attached hereto and incorporated by reference as though recited in full.
>
> An Affidavit in Support of Forfeiture Warrant was issued in this matter on March 16, 2015.  A copy of the Affidavit in Support of Forfeiture Warrant is attached hereto and incorporated by reference as though recited in full.
>
> A State of Tennessee Forfeiture Warrant was issued in this matter on March 16, 2015.  A copy of the State of Tennessee Forfeiture Warrant is attached hereto and incorporated by reference as though recited in full.
>
> The State of Tennessee, through the District Attorney General, petitions this court to declare the real property that is the subject of this petition forfeit pursuant to T.C.A. § 39-11-70 *et seq.*

Along with the complaint, the record includes notices of property seizure dated March 16, 2015 for the Parkland Road property, the bank accounts, the van, and the seized drugs.  The record also contains a forfeiture warrant and supporting affidavit dated March 16, 2015 regarding all of the seized property.  As requested in the complaint, the criminal court issued a notice of lien lis pendens with respect to the real property.

On April 23, 2015, the clerk of the criminal court sent a letter to Ms. Miles informing her that the State had filed a petition for forfeiture and enclosing a copy of that document. The letter further states:

> The State is seeking the forfeiture of certain real property located at 1052 Parkland Road, Memphis, Tennessee, a 2002 Chevrolet Workhorse P42, . . . and a total of $1,532.85 for two Bank of America Accounts . . . , that were seized from Twyla Miles between the dates of March 12, 2015 and March 16, 2015.
>
> T.C.A. § 39-11-708(b) provides in the forfeiture of proceeds of criminal activity as follows: *In the event the owner or possessor of the property does not answer the complaint, the state may move for a default judgment.*
>
> **If you intend to contest the forfeiture of this property, you may file a response with this office at the address listed on the bottom of this letter within 30 days of the day you receive this letter.**

The record contains a certified mail receipt for the petition to seize property sent to Ms. Miles at 6201 Haley Road in Memphis, where she was incarcerated. The record further contains a return receipt with the same number signed by Ms. Miles on May 13, 2015.

While two of the other alleged property owners filed answers, Ms. Miles did not file an answer to the State's forfeiture petition. The record includes excerpts from several court hearings that Ms. Miles attended while she was incarcerated. On June 23, 2015, the court asked Ms. Miles whether she knew about the petition to forfeit property that had been seized from her, and she responded in the affirmative. The court then asked Ms. Miles whether she intended to file a claim:

> DEFENDANT MILES: I couldn't file a claim, I was incarcerated.
> THE COURT: Well, ma'am, it's a Civil matter and that is just not an excuse. I can't say, well the rules don't apply to you when they . . . I'm going to let you talk with Mr. Johnson [the district attorney] when he comes up, he's going to represent the state on this and like I said, this is a Civil matter and y'all can talk about it and see what—
> DEFENDANT MILES: They [the other defendants] hired [attorney] Fitzgerald, so I am waiting on him, for them.
> COURT: Okay.
> . . . .
> (Later this same day).
> MR. JOHNSON: . . . Ms. Miles is in custody and nothing has been filed on her behalf and it's been more than thirty days, but I don't believe she's up,

- 3 -

right now. Could we, maybe put this on the 16th, or the 23rd of July and I'll have her –

Ms. Miles came before the court again on July 16, 2015:

> THE COURT: Ms. Miles, what is the situation? Are they—are your mother and brother trying to claim this—
> DEFENDANT MILES: No, it is not my mother, it is my son, he paid the money for him and my husband. And also—
> THE COURT: My question to you is, did you have some claim that you were trying to file, or you thought you were going to file?
> DEFENDANT MILES: Well, I was locked up and I didn't know, so.
> THE COURT: Yes, ma'am. That doesn't matter, I mean, the question is—
> DEFENDANT MILES: The only thing they have of mine is a car, so no I didn't file anything.
> THE COURT: Okay. That's the answer then. You didn't and you're not.
> DEFENDANT MILES: Right.
> THE COURT: Okay. As to Ms. Twyla Miles the State's petition is granted.

The trial court entered an order granting summary judgment to the State on December 7, 2015. With respect to Ms. Miles, the trial court made the following pertinent findings of fact:

> 26. That three Notices of Property Seizure were prepared in this case for Twyla Miles and mailed to her on March 16, 2015, as receipt for the certain real property located at 1052 Parkland Road, the 2002 Chevrolet Workhorse P42 . . . , and all bank accounts, funds and safe deposits associated with defendant Miles.
>
> 27. That a State of Tennessee Forfeiture Warrant was issued in this matter on March 16, 2015.
>
> 28. That the clerk of this court forwarded notice of this forfeiture action to Twyla Miles (who was in custody at the time of the filing of this petition), Mister Davidson and Cedrick Taite.
> . . . .
> 30. That Twyla Miles failed to file any response to this petition even after being served with notice of this action on May 13, 2015, and appearing in this Court on June 23, 2015, at which time the Court reiterated the need for her to file a response if she intended to contest the forfeiture of her interest in this property.
> . . . .

- 4 -

37.  That this Court finds that the State of Tennessee is entitled to judgment by default as to any and all interest of Twyla Miles in the $1,532.85 (seized from the two bank accounts), the Taco Truck and the real property located at 1052 Parkland Road, Memphis, TN, based on a finding that Twyla Miles had notice of this forfeiture action and failed to file a response contesting the forfeiture of her interest in this property.

The court, therefore, determined that the State was entitled to a default judgment against Ms. Miles and declared any interest she may have had in the property to be forfeited to the State.  The other two co-owners failed to appear at two separate hearings for which they received notice, and the trial court entered a default judgment against them as well.

On appeal, Ms. Miles asserts that she was denied due process in violation of the United States and Tennessee constitutions and that the judgment of the trial court forfeiting her interest in the property was void.  In addition to opposing Ms. Miles's argument, the State challenges her standing to appeal the judgment below because she was not a party to the trial court proceedings.

ANALYSIS

(1)

The doctrine of standing pertains to "whether a litigant is entitled to pursue judicial relief as to a particular issue or cause of action." *City of Memphis v. Hargett*, 414 S.W.3d 88, 97 (Tenn. 2013).  Because standing addresses justiciability, it is a threshold issue.  *Id.*  Standing presents a question of law; therefore we review the issue de novo with no presumption of correctness. *In re Estate of Smallman*, 398 S.W.3d 134, 148 (Tenn. 2013).

This court has previously stated:  "Simply receiving notice of a forfeiture action via the [procedures set out in Tenn. Code Ann. § 39-11-707] does not . . . confer standing on the purported owners or interest holders." *In re Tenn. Walking Horse Forfeiture Litig.*, No. W2013-02804-COA-R3-CV, 2015 WL 1636704, at *4 (Apr. 8, 2015). Subsection (d) of Tenn. Code Ann. § 39-11-709 addresses the steps to follow to contest a forfeiture:

After the filing of a forfeiture action under this part, a claimant may file a motion with the court in which the action is pending for the state to show cause why the property, or any portion of the property, should not be returned or the lien released.  The court shall conduct a hearing on the motion within twenty-one (21) days from the date such motion is filed. *The claimant must first establish by a preponderance of the evidence that the*

- 5 -

*claimant is an owner in the property seized before other evidence is taken. The claimant has the burden of establishing standing to assert the claim. . . .*

(Emphasis added). A "claimant's standing is a statutory prerequisite to contesting the forfeiture of the property." *In re Tenn. Walking Horse*, 2015 WL 1636704, at *4. Ms. Miles did not establish her standing to assert a claim. In fact, she did not even file a claim or a motion asking the court to set a show cause hearing. *See* Tenn. Code Ann. § 39-11-709 (describing procedures for seeking return of seized property).

We conclude that Ms. Miles failed to establish her standing to assert a claim to the seized property and that this appeal must, therefore, be dismissed.

(2)

Ms. Miles asserts that she was justified in failing to assert a claim because she did not receive notice of the forfeiture proceedings, as required by due process. We disagree that Ms. Miles did not receive notice in this case.

Due process requires that the forfeiture of private property cannot constitutionally occur "without first providing those with an interest in the property to a hearing held at a reasonable time and in a meaningful manner." *Redd v. Tenn. Dep't of Safety*, 895 S.W.2d 332, 334 (Tenn. 1995). Notice must be provided "in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking." *Id.* at 334-35. In *State v. Sprunger*, 458 S.W.3d 482 (Tenn. 2015), our Supreme Court held that, "in forfeiture proceedings, the seizing authority is required to present affirmative proof that it complied with both the procedural and the substantive provisions of the applicable forfeiture statutes." *Sprunger*, 458 S.W.3d at 484-85.

The judicial procedures at issue in this case are set forth in Tenn. Code Ann. §§ 39-11-707 and -708. The seizing agency must give the interested party a copy of a written notice of seizure at the time the property is seized. Tenn. Code Ann. § 39-11-707(b). The notice must identify the seizing agency, describe the seized property, and include instructions on the actions required to seek the return of the property. Tenn. Code Ann. § 39-11-707(b). In addition, the interested party must be served with a copy of the forfeiture complaint, which must be served by registered mail. Tenn. Code Ann. §§ 39-11-707(d) & -708(b).

In actions involving personal property, the State must also apply for a forfeiture warrant within five working days of seizing the property. Tenn. Code Ann. § 39-11-707(c). In cases involving real property, the State may, but is not required to, file a

- 6 -

notice of lien lis pendens, which must be served upon the interested party "as soon as is practicable." Tenn. Code Ann. § 39-11-707(e).

The record establishes that Ms. Miles received the required notice in this case. When the Memphis police took possession of the property on March 16, 2015, she was served with a copy of the notice of seizure that included the information required by statute. That same day, the seizing officers obtained forfeiture warrants for the personal property. The State also filed a notice of lien lis pendens with the clerk's office with regard to the real property seized.

On April 23, 2015, the State filed its forfeiture complaint[1] and the notice of its lien lis pendens with the criminal court clerk with instructions to mail a copy to Ms. Miles (who was incarcerated). The clerk mailed a copy of the forfeiture complaint to Ms. Miles by certified mail, return receipt requested, and it was delivered to two addresses on May 13, 2015. The record shows that Ms. Miles received the complaint at the Haley Road address on May 13, 2015 when she signed the matching return receipt.

The State complied with the statutory requirements and provided Ms. Miles with sufficient information to enable her to contest the forfeiture proceedings. Furthermore, as evidenced by the testimony previously, Ms. Miles was in court during the hearings in this matter and was questioned by the trial court concerning her intentions. She stated that she was aware of her right to file a claim and did not wish to do so.

For all of these reasons, we reject Ms. Miles's assertion that she did not receive adequate notice of the forfeiture proceedings. Ms. Miles received notice and elected not to file a claim. We conclude, therefore, that Ms. Miles cannot prevail in this appeal. The remaining arguments are pretermitted.

CONCLUSION

The decision of the trial court is affirmed. Costs of this appeal are taxed against the appellant, Twyla Miles, and execution may issue if necessary.

 

 

_____
ANDY D. BENNETT, JUDGE

---

[1] According to the complaint and consistent with the record, the following documents appear to have been attached as exhibits to the forfeiture complaint: the notice of lien lis pendens, notice of seizure, forfeiture warrant, and application for forfeiture warrant.