IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs September 1, 2022

IN RE ESTATE OF MONA J. SMALL

Appeal from the Chancery Court for Wilson County
No. 2020-CV-242     C.K. Smith, Chancellor

No. M2021-01284-COA-R3-CV

The trial court awarded the estate of Mona Small ("the Estate") a judgment in the amount of $26,515 against appellants Kevin J. Elliott and Heather R. Elliott, based on its finding that the Elliotts converted that amount when Ms. Small was residing with them. Because the Elliotts' brief was untimely filed and wholly fails to comply with the applicable Rules of Appellate Procedure, we dismiss this appeal. We also grant the Estate's request to find this appeal frivolous, and we remand to the trial court for a determination of reasonable attorney's fees on appeal to be awarded to the Estate.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J.,W.S, and W. NEAL MCBRAYER, J., joined.

Kevin J. Elliott and Heather R. Elliott, Lebanon, Tennessee, *pro se* appellants.

Adam Barber and Kate Nyquist, Nashville, Tennessee, for the appellee, Estate of Mona J. Small.

**OPINION**

**I. BACKGROUND**

Cheryl Vaughn, holder of a power of attorney for Mona Small, filed this action on her behalf on October 6, 2020. She alleged that Kevin Elliott, Ms. Small's adopted son, and his wife Heather Elliott were guilty of conversion of Ms. Small's money. Ms. Small died while the case was pending, and her estate was substituted as a party. On June 17,

2021, the Estate filed a motion for judgment by default, asserting that the Elliotts failed to timely respond to the complaint.

The trial court entered an order on August 16, 2021, stating that "[t]his matter came to be heard on the 2nd day of July, 2021, . . . upon the motion for default filed by the Petitioner. The [Elliotts] appeared and requested that the matter be continued." The trial court continued the case and set an evidentiary hearing for September 7, 2021. On September 3, 2021, the Elliotts filed a pleading captioned "Answers" that consisted of a string of forty lines, all but five of which stated only "True" or "False," and the remainder of which contained short phrases like "True but had to prior to coming to us" and "True Moms right mind." After the evidentiary hearing took place on September 7, 2021, the trial court entered judgment in favor of the Estate on October 15, 2021, stating in pertinent part:

> A motion for default judgment was filed on June 17, 2021, which was set to be heard on July 2, 2021. On July 2, 2021, Kevin and Heather Elliott appeared; however, they had not filed a response. The court provided the [Elliotts] with an additional thirty (30) days to retain counsel and file a response. The court finds that [the Elliotts] were on notice to file a response on July 2, 2021. A response was not filed until September 3, 2021, nearly one year beyond the initial date of service and more than thirty (30) days beyond July 2, 2021. The court finds that the September 3, 2021 response was not timely filed.
> The court finds that through their testimony, [the Elliotts] had an opportunity to be heard by the court.
> The court finds that during the time period that Mona Small (hereinafter "Decedent") resided with [the Elliotts, they] converted $26,515 of funds of the Decedent through the exhaustion of her saving and checking account.

(Numbering in original omitted).

The Elliotts timely filed a notice of appeal on October 22, 2021. On February 23, 2022, this Court entered an order stating in pertinent part as follows:

> On January 31, 2022, the clerk entered an administrative order requiring the appellants, Kevin and Heather Elliott, to file with the trial court clerk a transcript of the evidence, a statement of the evidence, or a Tenn. R. App. P. 24(d) notice, or else to show cause why the appeal should not be dismissed for failure to comply with Tenn. R. App. P. 24. Mr. Elliot has responded by requesting an extension of time within which to file a transcript of the evidence.

2

Mr. Elliott's response purports to be filed on behalf of both Mr. Elliott and his wife. However, Mr. Elliott is not permitted to file documents on behalf of M[r]s. Elliott because doing so would constitute the unauthorized practice of law. While the appellants may proceed pro se, they must each sign any documents they file. Also, the response does not contain a certificate of service on the appellees' counsel as required by Tenn. R. App. P. 20. Nevertheless, the Court will grant the appellants additional time to comply with Tenn. R. App. P. 24.

It is, therefore, ordered that the time for filing a transcript or statement of the evidence with the trial court clerk is extended through March 11, 2022. Failure to file a transcript or statement of the evidence with the trial court clerk by March 11, 2022, may result in dismissal of the appeal without further notice.

The trial court entered a statement of the evidence with this Court on April 4, 2021, stating:

This cause came on to be heard upon the Statement of the Evidence filed by the Appellants, Kevin Elliott and Heather Elliott, Objection to Statement of Evidence and Submission of Alternative Statement of Evidence filed by the [Estate], and the entire record in this cause[.] [P]ursuant to Rule 24 (c) and (e) of the Rules of Appellate Procedure, the Trial Court finds the following Statement of Evidence:
1. Complaint was filed . . . on October 6, 2020, alleging violations of the Tennessee Adult Protection Act, conversion, undue influence, breach of fiduciary duty, and infliction of emotional distress.
2. Service of Process was issued and served on [the Elliotts] on October 15, 2020.
3. Cheryl Vaughn as Personal Representative for the Estate of Mona J. Small was substituted as Petitioner on April 9, 2021.
4. Petitioner filed a Motion for Default on June 17, 2021, which was heard on July 2, 2021.
5. Respondents, Kevin Elliott and Heather Elliott, appeared on July 2, 2021, and the Trial Court allowed Respondents an additional thirty (30) days to retain counsel and file a response.
6. An Evidentiary Hearing was set to be heard on September 7, 2021.
7. Respondents filed "Answers" on September 3, 2021.
8. At the Evidentiary Hearing on September 7, 2021:
    A. Trial Court found that Mona J. Small lived with the Respondents from June, 2018, through March, 2020.

3

B. Trial Court found that Mona J. Small had an income of $1,430.00 per month from Social Security.

C. Trial Court found that Mona J. Small had two (2) accounts at Pinnacle Bank.

D. Trial Court found that the "Answers" filed on September 3, 2021, w[ere] not timely filed.

E. Trial Court found that the Respondents, Kevin Elliott and Heather Elliott, were given the opportunity through testimony to be heard in open Court.

F. Trial Court found that, based on the evidence, the Respondents converted $26,515.00 of Mona J. Small's funds.

On May 25, 2022, this Court entered an administrative order stating:

The record on appeal was filed with the clerk of this court on April 22, 2022. Even though Rules 8A(g) and 29(a) of the Tennessee Rules of Appellate Procedure require the appellant's brief to be filed within thirty (30) days after the record is filed, the appellant has neither filed a brief nor requested an extension of time for doing so.

It is, therefore, ordered that the appellant either file a brief within ten (10) days following the entry of this order or else show cause why this appeal should not be dismissed for failure to comply with either Rule 8A(g) or 29(a) of the Tennessee Rules of Appellate Procedure.

If the Appellant fails to respond to this order within the time allowed herein, this appeal may be dismissed, with costs assessed to the Appellant, without further notice.

This Court entered another administrative order on June 13, 2022, providing as follows:

On May 25, 2022, the clerk entered an administrative order requiring the appellants either to file a brief within ten days or else to show cause why the appeal should not be dismissed. On June 1, 2022, the appellants attempted to file a brief via facsimile. Rule 20A of the Tennessee Rules of Appellate Procedure does not permit the filing of a brief by facsimile, and the clerk directed the appellants to file their brief by a means other than facsimile. As of the date of this order, the appellants have still not filed a brief.

It is, therefore, ordered that, within ten days following the entry of this order, the appellants shall file their brief via one of the methods permitted by the

4

Tennessee Rules of Appellate Procedure and the clerk. Failure to file a brief within ten days may result in dismissal of the appeal without further notice.

(Footnote explaining proper methods of filing under Rules of Appellate Procedure omitted).

On June 17, 2022, the Elliotts filed their appellate brief. In its entirety, the brief states as follows:

Mr. Kevin Elliott was born to Cathy Alhf, the biological daughter of Ms. Mona Small. Ms. Small legally adopted Mr. Kevin Elliott. Mr. Elliott feels that his adoption was never truly accepted by Ms. Small's other biological children, and this created animosity amongst them. Mr. Elliott feels that jealousy and contempt are what led to this suit[].

On September 7, 2021, this matter was held before the Honorable C.K. Smith, Chancellor. Mr. and Mrs. Elliott without counsel were heard before the court. We now request to have this case reviewed for appeal as Mr. and Mrs. Elliott felt unprepared and at a deficit during this hearing. We present evidence that this judgement was made without all necessary documentation to make any other determination. Being introduce[d] is a promissory note signed by Mr. Kevin Elliott and Ms. Mona Small that acknowledged moneys borrowed by the defendant would be repaid until the event that either party met death. We are including a copy of this promissory notice for review. The discussion took place between Mr. Kevin Elliott and Ms. Mona Small on or around March 26, 2020, and a dollar amount was agreed upon by both parties. Both parties signed this document without duress.

In May 2020, there was a large disturbance in the Elliott household. Ms. Mona Small determined that she no longer wished to continue to reside with Mr. and Mrs. Elliott. Ms. Small attempted to contact her other children to make arrangement for transportation to one of their residences. Upon failure to secure transportation, Mr. Kevin Elliott agreed, against his wishes, to transport Ms. Small to the destination of her choosing. Mr. Mark Elliott stated that at that point his wish was for Ms. Small to return to the residence of Mrs. Cheryl Vaughn. Mr. Kevin Elliott again left his residence in Wilson County Tennessee and transported Ms. Mona Small back to Okaloosa County Florida. Mr. and Mrs. Elliott believe without evidence that Mrs. Cheryl Vaughn continued to hold animosity toward them and convinced Ms. Small that monies were stolen instead of borrowed.

We are requesting to honor the agreement that Mr. Kevin Elliott and his mother Mona Small had in writing. And not what Cheryl Vaughn is wanting.

## II. ISSUES PRESENTED

The Elliotts' brief does not contain a statement of the issues presented. The Estate raises the following issues:

1.   Whether this appeal should be dismissed for the Elliotts' failure to comply with the requirements of the Tennessee Rules of Appellate Procedure.

2.   Whether the Estate is entitled to an award of damages against the Elliotts pursuant to Tenn. Code Ann. § 27-1-122 for filing a frivolous appeal.

## III. ANALYSIS

Tennessee Rule of Appellate Procedure 27 informs litigants of the elements required to be included in an appellate brief. Rule 27 provides, in pertinent part, as follows:

> (a) **Brief of the Appellant**. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> *     *     *
>
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

6

(8) A short conclusion, stating the precise relief sought.

Rule 6 of the Tennessee Court of Appeals additionally states:

(a) Written argument in regard to each issue on appeal shall contain:
(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

In this case, the four short paragraphs in what the Elliotts filed as their appellant's brief do not contain any of the elements required by Tenn. R. App. P. 27. They have made no citation to the record or to any legal authority. We are aware that the Elliotts have elected to proceed pro se, *i.e.*, to represent themselves, throughout this litigation. As this Court has recently reiterated,

Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tennessee Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of*

*Prof'l Responsibility of Sup. Ct*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

*Cannistra v. Brown*, No. M2021-00833-COA-R3-CV, 2022 WL 4461772, at *4 (Tenn. Ct. App. Sept. 26, 2022).

As is evident from this case's procedural history recited above, this Court demonstrated patience and leniency in allowing this appeal to proceed to its current posture, despite the Elliotts' failure to timely act. Moreover, the only document in the record that informs us of what actually happened at the evidentiary hearing below is the brief statement of the evidence prepared and certified by the trial court, which certainly provides no ground to disturb the trial court's judgment.

This Court has dismissed appeals under similar circumstances where an appellate brief is so deficient as to preclude meaningful review. *See, e.g., Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal"); *Lacy v. Vanderbilt Univ. Med. Ctr.*, No. M2018-00832-COA-R3-CV, 2019 WL 1450390, at *4 (Tenn. Ct. App. Apr. 1, 2019) ("Due to our inability to reach the substantive issues, given the deficiencies in [the appellant's] brief after repeated warnings, [the] appeal is dismissed"); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of [appellant's] pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon [appellant's] failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that [she] has waived any issues raised, and the appeal should be dismissed.").[1]

The appellee Estate has properly raised the issue of whether it should be awarded damages for a frivolous appeal pursuant to Tenn. Code Ann. § 27-1-122, which provides:

---

[1] Our legal research reveals numerous other recently-filed opinions that are arguably analogous and reached the same result, but were designated by this Court as memoranda opinions, which "shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. Rule 10.

8

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The law on frivolous appeals is well-settled:

Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003). This appeal is baseless and presents no reasonable chance of succeeding. The Estate correctly points out that it has been forced to expend time and money in the form of its attorney's fees in defending this appeal. Under these circumstances, we agree that the Estate should be awarded damages for a frivolous appeal to recompense it for costs and expenses incurred on appeal, including reasonable attorney's fees.

## IV. CONCLUSION

The appeal is dismissed. The case is remanded to the trial court for a determination of reasonable costs and expenses incurred by the Estate on appeal and an award to the Estate for that amount. Costs on appeal are assessed to the appellants, Kevin J. Elliott and Heather R. Elliott, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE

9