IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2024

## MAZAHIR HAMADANI v. MESHREKY MESHREKY

**Appeal from the Circuit Court for Davidson County**
**No. 22-C-1283      Clifton David Briley, Judge**

_____

**No. M2023-01161-COA-R3-CV**

_____

A landlord obtained a judgment from a General Sessions Court against his tenant for back rent and other damages.  The tenant appealed, and the Circuit Court reduced the damages award.  The landlord appeals to this court.  The landlord, who is pro se, disregards the Tennessee Rules of Appellate Procedure in his filings.  His filings render his argument indiscernible.  The landlord also failed to provide a record that fully and accurately depicts the underlying proceedings.  Because the landlord's deviations from the Tennessee Rules of Appellate Procedure prevent this court from providing meaningful appellate review, we dismiss his appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Mazahir H. Hamadani, Nashville, Tennessee, pro se.

Meshreky Meshreky, Lebanon, Tennessee, pro se.

**OPINION**

I.

This appeal stems from a judgment that the Appellant, Mazahir Hamadani, obtained against the Appellee, Meshreky Meshreky, in Davidson County General Sessions Court.  Mr. Hamadani owns real property on Millwood Drive in Nashville, Tennessee (the property).  In 2013, Mr. Hamadani leased the property to Mr. Meshreky for five years to operate a business.  It appears that Mr. Meshreky attempted to renew his lease for another five years but, according to the Circuit Court, he failed to follow the

correct procedure. Consequently, Mr. Meshreky occupied the property as a holdover tenant after 2018.

In 2021, a governmental entity obtained a permanent injunction that shuttered Mr. Meshreky's business and Mr. Hamadani's property. The Criminal Court for Davidson County determined the business constituted a public nuisance due to, among many things, its association and alleged housing of criminal activity. According to the investigating detective, "police units . . . responded to 1040 calls for service" on the property "from 9/21/2015 through 03/19/2021" related to at least two dozen types of misdemeanor and felony offenses, including drug crimes, homicides, and sexual crimes. The Criminal Court ordered the State to padlock the property "pending further orders of this Court."

Mr. Hamadani obtained a detainer warrant against Mr. Meshreky on September 1, 2021. He alleged that Mr. Meshreky "breach[ed] his commercial lease" by failing to pay rent, violating numerous municipal code provisions, and allowing criminal activity to flourish on the property. Mr. Hamadani demanded unpaid rent and damages "to be determined at trial [in an amount] less than $25,000."

The General Sessions Court entered a judgment in favor of Mr. Hamadani on February 23, 2022. The General Sessions Court's order reflects that it held a hearing on Mr. Hamadani's warrant as well as a subsequent damages hearing. The General Sessions Court assessed $58,374.11 in damages against Mr. Meshreky.

Mr. Meshreky appealed that ruling to the Circuit Court for Davidson County. The Circuit Court held a trial on May 2, 2023; the technical record does not contain a transcript of this proceeding. The Circuit Court reduced Mr. Hamadani's damages award from $58,374.11 to $17,064.00. The Circuit Court found that Mr. Meshreky did not properly renew his lease with Mr. Hamadani, rendering him merely a holdover tenant. Because the parties' lease agreement only required holdover tenants to pay reduced rent, the Circuit Court concluded that the General Sessions Court's damages figure, which had been based on the renewal rent price, was incorrectly calculated. Additionally, the Circuit Court found that Mr. Hamadani "offered no testimony" justifying awarding him two years' back rent. While the Circuit Court observed that the property was subject to a nuisance order and permanent injunction, it reasoned that "without more concrete testimony regarding why it would have taken 20 months" to meet the requirements for reopening the property "the Court cannot find that such a duration is appropriate." Instead, based on a review of "the testimony and evidence presented," the Circuit Court ordered Mr. Meshreky to pay Mr. Hamadani six months' rent, unpaid insurance premiums, and attorney's fees.

Mr. Hamadani appeals the Circuit Court's order modifying the General Sessions Court's damages award. Both parties in this appeal present their arguments without the assistance of counsel. Mr. Hamadani's written filing in this court, which is three pages,

does not identify any issues, cite the technical record, or reference authority. It has neither headings nor a certificate of service. While Mr. Hamadani calls the Circuit Court's modification of his damages award "unfortunate & regrettable" and "unfair," he does not provide a clearly discernable legal rationale supporting a finding of reversible error by the Circuit Court. Mr. Meshreky's response filing struggles with many of the same deficiencies. A significant portion of his written response reiterates the October 2023 order entered by the Circuit Court deeming Mr. Hamadani's submitted statement of the evidence incompatible with Tennessee Rule of Appellate Procedure 24(d). Mr. Hamadani did not file a reply brief.

II.

Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021).

However, pro se litigants are not entitled to unlimited leeway and are not permitted to present their case however they like in this court. We have repeatedly explained that pro se litigants may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her. . . ." *Sneed v. Bd. of Prof'l Responsibility of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). We cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).

In this case, Mr. Hamadani's filing with this court significantly departs from the requirements of the Tennessee Rules of Appellate Procedure. The deficiencies in Mr. Hamadani's brief create serious challenges in considering Mr. Hamadani's appeal on the merits. Insofar as we can follow Mr. Hamadani's contentions, he appears to be arguing the trial court misunderstood the facts of this case. The Circuit Court concluded that Mr. Hamadani's statement of the evidence, however, failed to comply with Tennessee Rule of Appellate Procedure 24. As the appellant, Mr. Hamadani had a "duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to forming the basis of the appeal." *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). "Without an adequate transcript or statement of the evidence, 'this Court must presume that every fact admissible under the pleadings was found or should have been

found in the appellee's favor.'" *Chiozza v. Chiozza*, 315 S.W.3d 482, 492 (Tenn. Ct. App. 2009) (quoting *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989)). "The failure of the appellant to ensure that an adequate transcript or record on appeal is filed in the appellate court constitutes an effective waiver of the appellant's right to appeal." *Id.*. Thus, even if Mr. Hamadani had properly raised issues with the trial court's factual determinations, his non-compliance with the Tennessee Rules of Appellate Procedure in providing an adequate record precludes us from addressing his concerns.

Nor is this the only deficiency with Mr. Hamadani's presentation of his case on appeal. His brief does not include "a table of contents, a table of authorities, citations to the record for the facts set forth, citations to legal authority for each issue, and a statement regarding the appropriate standard of review." *See FedTrust Fed. Credit Union v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at *2 (Tenn. Ct. App. Jun. 14, 2023) (citing Tenn. R. App. P. 27(a)); *see also O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (underscoring the importance of citations to the appellate record). It is obvious that Mr. Hamadani objects to the Circuit Court's reassessment of damages in reaching a conclusion that varied from that of the General Sessions Court. However, it is unclear from his filing exactly *how* or *why* he believes the Circuit Court's modification was inappropriate. *See, e.g., State ex rel. Gifford v. Greenberg*, No. M2021-00510-COA-R3-CV, 2022 WL 872193, at *2 (Tenn. Ct. App. Mar. 24, 2022) ("While Father clearly takes issue with the enrollment of the California judgment, he simply has not articulated any specific error for review."). Simply stated, Mr. Hamadani has not properly presented to this court a clear indication of what his argument for seeking reversal in his appeal is, and he has failed to provide support by citation to authority and the record.

This court has under appropriate circumstances exercised its discretion and considered the merits of an appeal notwithstanding a litigant's violations of the Tennessee Rules of Appellate Procedure. *See, e.g., Brooks*, 2023 WL 3994520, at *2; *Weakley v. Franklin Woods Cmty. Hosp.*, No. E2020-00591-COA-R3-CV, 2020 WL 7861248, at *3 & n.3 (Tenn. Ct. App. Dec. 22, 2020); *Lacy v. HCA Tristar Hendersonville Hosp.*, No. M2017-01055-COA-R3-CV, 2018 WL 575346, at *6 (Tenn. Ct. App. Jan. 26, 2018). Such instances reflect the court's recognition that public policy generally supports resolving cases on the merits. *Brooks*, 2023 WL 3994520, at *2 (collecting cases); *see also* Tenn. R. App. P. 2. "[W]e may suspend the requirements or provisions of these rules in a given case," but only for "good cause." *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000); *see also Chiozza*, 315 S.W.3d at 489. For example, we have addressed the merits of a defective brief when "the legal analysis is relatively straightforward" and neither the appellee nor the administration of justice would be prejudiced from looking past deviations from the Tennessee Rules of Appellate Procedure. *Brooks*, 2023 WL 3994520, at *2. However, Mr. Hamadani's failure to advance a clear argument explaining the Circuit Court's purported error means that Mr. Meshreky would be prejudiced if this court went searching for defects in the Circuit

- 4 -

Court's order for the first time on appeal.  To consider this appeal on the merits would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant.  This we simply cannot do.

## III.

Mr. Hamadani failed to abide by the Tennessee Rules of Appellate Procedure in his appeal and there is no good cause to overlook his noncompliance.  Accordingly, his appeal is dismissed.  Costs of this appeal are taxed to the Appellant, Mazahir Hamadani, for which execution may issue if necessary.

_____
JEFFREY USMAN, JUDGE