IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2024

**JEFFERY RILEY v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission
No. 0546-GL-18-0300009-001     James A. Haltom, Commissioner**
———————————————————

**No. M2023-01395-COA-R3-CV**
———————————————————

A pro se litigant brought suit against the State of Tennessee in the Tennessee Claims Commission, where his suit was dismissed for a lack of jurisdiction and a failure to abide by the statute of limitations.  We hold that the appellant has waived all issues on appeal by failing to set forth a legal argument, and we affirm the judgment of the Claims Commission.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Jeffery Riley, Durant, Mississippi, pro se.

Jonathan Skrmetti, Attorney General and Reporter, J. Matthew Rice, Solicitor General, and Hollie R. Parrish, Assistant Attorney General, for the appellee, the State of Tennessee.

**OPINION**

I.

The factual and procedural history of this case is not particularly clear, although it appears to trace its origins to a denial of unemployment benefits in 2017.  That year, Mr. Riley applied for unemployment benefits after separating from his prior employer, All State Labor Services, Inc.  On July 21, 2017, the Tennessee Department of Labor and Workforce Development (the Department) sent Mr. Riley a letter explaining that his unemployment claim was denied because he voluntarily quit his employment due to a lack of transportation, which disqualified him from benefits pursuant to Tennessee Code

Annotated section 50-7-303(a).

This letter informed Mr. Riley that he had 15 days to appeal the decision with a deadline of August 8. Mr. Riley did not file his appeal until September 6. After a hearing, the Department's Appeals Tribunal concluded that the appeal was untimely and there was no good cause to extend the 15-day appeal window. Mr. Riley again appealed, this time to the Commissioner's Designee, Jane Warren, who affirmed the Appeals Tribunal's decision. The Designee also sent a letter to Mr. Riley explaining that the next level of review available to Mr. Riley would be an appeal to the Chancery Court in the county in which he resides. The letter also provided that such an appeal would need to be filed by January 1, 2018.

The record does not include any explanation about what occurred in the years following this letter. The record does indicate that on December 2, 2021, Mr. Riley served a General Sessions civil summons on a Department employee. The summons itself is not in the record, but the State's motion to Dismiss, filed in the General Sessions Court of Davidson County, indicates that the summons sought an "opportunity to reconcile with" the Department and requested that the State review the actions of the Designee, Ms. Warren. It is, again, unclear what occurred directly following the filing of the State's motion to dismiss. Sometime later, on March 31, 2023, Mr. Riley filed a tort liability claim with the State of Tennessee Treasury Department, Division of Claims Administration. Although the record is not particularly clear, it appears that Mr. Riley again alleged wrongdoing related to the denial of unemployment benefits. On April 6, 2023, the Division of Claims Administration sent Mr. Riley a letter closing his claim and stating that there was insufficient proof of wrongdoing by state employees.

Then, on April 12, 2023, Mr. Riley filed a claim in the Claims Commission again alleging wrongdoing related to the 2017 denial of unemployment benefits, although his specific cause of action was unclear.[1] He attached copies of the 2017 unemployment benefits denial and subsequent appeals to his original filing. He also attached a typed-out timeline of events related to that administrative process, the last event of which occurred in 2018. The Claims Commission then entered an order requiring Mr. Riley to file a formal complaint. The order stated that it is "unclear to the Tribunal whether the letter articulates a specific cause of action under the jurisdiction of the Claims Commission." It went on to explain that the complaint needed to include a short and plain statement showing that Mr. Riley was entitled to relief and a demand for the judgment he sought, warning that a failure to do so may result in a dismissal of his claim. Mr. Riley responded by filing an "Additional Complaint." It included facts related to the filing of his claim with the Treasury

---

[1] It appears that same foundational circumstances also gave rise to an action by Mr. Riley in the Davidson County General Sessions Court and Circuit Court, as to which this court recently denied Mr. Riley the relief he sought on appeal. *Riley v. Tenn. Dept. of Labor and Workforce Dev.*, No. M2023-01217-COA-R3-CV, 2024 WL 3965592 (Tenn. Ct. App. Aug. 28, 2024).

Department and the prompt denial of his claim. Although not particularly clear, Mr. Riley alleged that his unemployment benefits claim was wrongfully denied, in part based on alleged fraud and forgery by state employees. In essence, the Additional Complaint alleged that the Treasury Department's administrator acted unlawfully and proximately caused the denial of his claim, necessitating damages. The Claims Commission then ordered the State to file an answer or other response within 30 days. The State responded by filing a motion to dismiss, alleging that sovereign immunity barred jurisdiction and that the one-year statute of limitations had long since run, since the underlying dispute occurred in 2017.

Mr. Riley did not timely respond, prompting the Claims Commission to enter an order requiring a response and granting additional time. On September 21, 2023, after no response to the motion was filed, the Claims Commission granted the motion to dismiss. In this final order, the Claims Commission explained that Mr. Riley failed to comply with the procedural rules by not filing a response. Further, the Claims Commission explained that Mr. Riley's claim fell outside the Claims Commission's limited jurisdiction and was thus barred by sovereign immunity. Further, the Claims Commission explained that the claim arose in 2017 with the denial of Mr. Riley's application for unemployment benefits. Therefore, it fell outside the statute of limitations. Mr. Riley appealed to this court.

## II.

Mr. Riley is proceeding pro se. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021).

However, pro se litigants are not entitled to unlimited leeway. This court has explained that pro se litigants may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her. . . ." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). We cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014); *see also* Tenn. R. of App. P. 27(a)(4), (7) (requiring an appellant's brief to include a statement of the issues presented along with an argument that cites legal authority and relevant portions of the record).

Here, while Mr. Riley's brief does not specifically provide a statement of the issues

presented, we deduce that Mr. Riley primarily raises issues surrounding the Claims Commission's application of sovereign immunity and the one-year statute of limitations. In its brief, the State argues that Mr. Riley has waived all issues on appeal by failing to provide specific issue statements and, even more importantly, any argument as to why the trial court erred in granting the motion to dismiss. *See* Tenn. R. of App. P. 27(a)(4), (7). Mr. Riley did not file a reply brief to address this argument.

While Mr. Riley provides some legal citations in his brief, it is not clear how these legal authorities support his argument. From reading his brief, it is difficult to understand precisely what Mr. Riley was asking for below, or what he is asking this court to do here. We do not know what legal error he believes occurred or even what cause of action he proceeded on below. His brief contains a litany of grievances, but none of his assertions fulfill Rule 27's requirement to provide a legal argument. While we understand the difficulties facing a pro se litigant in complying with complex legal issues, *see Young*, 130 S.W.3d at 62-63, it is not the role of the courts to construct a litigant's case for him or her, *Sneed*, 301 S.W.3d at 615.

This court has under appropriate circumstances exercised its discretion and considered the merits of an appeal notwithstanding a litigant's violations of the Tennessee Rules of Appellate Procedure. *See, e.g.*, *FedTrust Fed. Credit Union v. Brooks*, No. W2022-01119-COA-R3-CV, 2023 WL 3994520, at \*2 (Tenn. Ct. App. Jun. 14, 2023); *Weakley v. Franklin Woods Cmty. Hosp.*, No. E2020-00591-COA-R3-CV, 2020 WL 7861248, at \*3 & n.3 (Tenn. Ct. App. Dec. 22, 2020); *Lacy v. HCA Tristar Hendersonville Hosp.*, No. M2017-01055-COA-R3-CV, 2018 WL 575346, at \*6 (Tenn. Ct. App. Jan. 26, 2018). Such instances reflect the court's recognition that public policy generally supports resolving cases on the merits. *Brooks*, 2023 WL 3994520, at \*2 (collecting cases); *see also* Tenn. R. App. P. 2. "[W]e may suspend the requirements or provisions of these rules in a given case," but only for "good cause." *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000); *see also Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009). For example, we have addressed the merits of a defective brief when "the legal analysis is relatively straightforward" and neither the appellee nor the administration of justice would be prejudiced from looking past deviations from the Tennessee Rules of Appellate Procedure. *Brooks*, 2023 WL 3994520, at \*2. However, Mr. Riley's failure to advance a clear argument explaining the Claims Commission's purported error means the State would be prejudiced if this court went searching for defects in the Claims Commission's decision for the first time on appeal. *See Hamadani v. Meshreky*, No. M2023-01161-COA-R3-CV, 2024 WL 3466977, at \*3 (Tenn. Ct. App. July 19, 2024). To consider this appeal on the merits would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant; this we simply cannot do. *See id.*

III.

Because we hold that Mr. Riley has waived all issues on appeal, we affirm the

Claims Commission. Costs of the appeal are taxed to the appellant, Jeffery Riley.

_____
JEFFREY USMAN, JUDGE