IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 30, 2025

**TRAVIS SAXTON v. JESSICA SAXTON**

**Appeal from the Circuit Court for Blount County**
**No. CE-30651      Tammy M. Harrington, Judge**

_____

**No. E2025-02081-COA-T10B-CV**

_____

A self-represented party seeks accelerated interlocutory review of the trial court's order denying her motion seeking disqualification of the trial court judge. Discerning no error, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, P.J., E.S., and VALERIE L. SMITH, J., joined.

Jessica Saxton, Birmingham, Alabama, self-represented[1] appellant.[2]

---

[1] Ms. Saxton characterizes herself as appearing *sui juris*. Black's Law Dictionary (12th edition 2024) defines *sui juris* as follows:

1.  Of full age and capacity.
2.  Possessing full social and civil rights.
3.  Roman law. Of, relating to, or involving anyone of any age, male or female, not in the postestas of another, and therefore capable of owning property and enjoying private law rights. • As a status, it was not relevant to public law.

Black's Law Dictionary defines *pro se* as "[f]or oneself; on one's own behalf; without a lawyer." As an illustration of the distinction, before military tribunals, "[a] military accused has the right to defend themself pro se so long as they are sui juris, mentally competent, and clearly make known the desire to act as their own lawyer." 3 Fed. Proc., L. Ed. § 5:108. From her filing, while the reason is not entirely clear, it appears that Ms. Saxton prefers not to be referred to as pro se. We have, accordingly, referred to her simply as self-represented.

[2] We have determined that no answer from the other party is necessary to address this expedited interlocutory appeal. *See* Tenn. Sup. Ct. R. 10B §§ 2.05, 2.06; *State ex rel. Johnson v. Morton*, No. M2024-00409-COA-T10B-CV, 2024 WL 1956050, at *3 n.1 (Tenn. Ct. App. May 3, 2024).

# OPINION

## I.

Jessica Saxton filed a motion on December 9, 2025, seeking disqualification of Circuit Court Judge Tammy M. Harrington. Ms. Saxton had filed the recusal motion on the morning of a scheduled hearing on several post-trial motions in a case in which she was the Respondent and in which Travis Saxton was the Petitioner. The motions for the hearing that day included, among others,[3] Ms. Saxton's *Motion to Alter or Amend the Final Judgment Pursuant to Tenn. R. Civ. Proc. 59.04*. In her disqualification motion, Ms. Saxton argued that disqualification was required under 28 United States Code section 455(a) and pursuant to Tennessee Supreme Court Rule 10.

As the basis for her contention that disqualification was required, Ms. Saxton observed, both in her motion and supporting affidavit, that she "is a witness in an active federal case in which Judge Tammy M. Harrington has been named a defendant." She asserted that "Judge Harrington is the subject of my sworn complaints, affidavits, and ongoing investigative submissions alleging constitutional violations arising from the same nexus of facts connected to my case." She concluded that "[t]his places Judge Harrington in a dual and conflicting posture, making further judicial involvement impermissible." Addressing the irregular timing of her motion, which, as noted above, was filed the same date as a hearing on post-trial motions in her case, Ms. Saxton stated that "[t]he factual basis for disqualification did not arise —and could not have reasonably been asserted— until December 1, 2025, the date I was formally notified of my status as a federal witness against Judge Harrington." In addition to her affidavit, Ms. Saxton also provided in support of her motion a notarized document, dated June 27, 2025, that was signed by Scott and Sharon Evers, which thanked her for providing an affidavit. Most directly in relation to this matter, the Evers's expression of appreciation to Ms. Saxton included the following statement:

> Thank you for your extraordinary bravery in providing an affidavit to support Federal Case No. 3:25-cv-00199, which addresses concerns about systemic unconstitutional practices across all 50 states. Your willingness to share your experiences regarding what we believe are unconstitutional actions—such as the unwarranted removal of children without criminal charges, training caseworkers to force or coerce their way into homes without warrants or legal

---

[3] The other post-trial motions set to be heard that day included "a Response in Opposition to [Ms. Saxton's] Motion to Alter or Amend the Final Judgment, Motion to Dismiss [Ms. Saxton's] Motion, and Motion to Strike [Ms. Saxton's] Self-typed Transcript, and a Motion to Strike, or in the Alternative Give No Weight to The Affidavit of [Ms. Saxton]."

court orders, and due process violations including the failure to apply the fruit of the poisonous tree doctrine—is a testament to your strength. We recognize the difficulty of this effort and are proud of your commitment to seeking justice.

Judge Harrington denied the motion for disqualification on the date of the hearing, the same date that it was filed. The trial judge did so based upon both procedural and substantive grounds. Judge Harrington explained the bases of her ruling as follows:

This cause came to be heard on the 9th day of December, 2025 before the Honorable Tammy M. Harrington, Judge of the Circuit Court of Blount County, Tennessee, on the Motion for Disqualification filed by the Respondent Jessica Saxton. The Motion having been filed on this day and served on the Court, counsel for Travis Saxton and the Guardian after the case has been called to be heard on the Respondent['s] Motion to Alter and Amend. The Court finds that Rule 10(b) of the Tennessee Rules of the Supreme Court are controlling for this Motion. The Rule holds that the Motion shall be filed no later than ten days before trial, absent a showing of good cause, that must be supported by affidavit. The Court has reviewed the Motion and attached affidavit, as well as considered the arguments of the Respondent and finds there is no showing of good cause that abrogates the ten-day filing requirement before trial. Further, the Respondent [h]as proffered that she is a witness in a "federal case" involving this Court. The Court has reviewed the attached affidavits which broadly cite[] issues in all 50 states and does not name this Court specifically. The Court is not in receipt or been served with any "federal lawsuit" in which they have been named as a party. The Court has not been noticed or have actual knowledge of any investigation[,] complaint[,] affidavit or lawsuit. The Respondent has cited ["]federal" statutes that are not applicable or binding on this Court concerning this subject matter.

II.

Responding to the denial of her motion for disqualification, Ms. Saxton filed an accelerated interlocutory appeal of the trial court's decision on December 29, 2025, pursuant to Tennessee Supreme Court Rule 10B. Tenn. Sup. Ct. R. 10B § 2.01. In her petition, among other relief, Ms. Saxton seeks the disqualification of Judge Harrington and reassignment of her case to a different judge. As in her filing before the circuit court, Ms. Saxton relies upon 28 U.S.C. § 455 and Tennessee Supreme Court Rule 10, specifically noting Canon 2.11(A). As grounds for disqualification of Judge Harrington, Ms. Saxton asserts in her petition on appeal the following:

a. Personal knowledge of disputed evidentiary facts, arising from [Ms. Saxton's] sworn BPR complaints, affidavits, and related federal proceedings involving the same factual nexus.

b. Conflicting posture, where the judge is identified in a federal filing for contextual and factual background in which [Ms. Saxton] is a witness against [the judge].

c. Appearance of impropriety, as a reasonable person would question the impartiality of a judge who is the subject of sworn allegations by a litigant before the court.

d. Good cause and timeliness exist because the Court had *actual notice* of disqualifying facts as of October 20, 2025, triggering a mandatory, self-executing duty to recuse independent of any motion; [Ms. Saxton's] subsequent filing was made in good faith to preserve the record, and after being made aware of federal witness status on December 1, 2025.

[footnotes omitted].

At the epicenter of Ms. Saxton's objection to Judge Harrington presiding over her case is Ms. Saxton's assertion that she is witness against Judge Harrington in a federal proceeding. In her petition on appeal, Ms. Saxton, however, has stated that "[t]o the extent any filings in the trial court referenced Judge Harrington as a named defendant, Respondent clarifies that such references were based on a good-faith understanding at the time. [Ms. Saxton] has been identified as a witness in a related federal proceeding involving the same factual nexus." She has offered no further detail in her explanation before the trial court or this court. On appeal, Ms. Saxton also relies upon having filed in October 2025 a complaint concerning Judge Harrington with the Tennessee Board of Professional Responsibility that she indicates was forwarded to the Tennessee Board of Judicial Conduct.

Ms. Saxton has filed her own petition seeking expedited interlocutory review before this court. Self-represented litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that self-represented litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a self-represented litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the self-represented litigant's filing. *Poursaied v. Tennessee Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Self-represented litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not

- 4 -

the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from self-represented litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Under section 2.01 of Rule 10B of the Tennessee Supreme Court, a party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. This court has oft noted that "[t]he party seeking recusal bears the burden of proof." *See, e.g., Smith v. Foremost Ins. Grp.*, No. W2025-01925-COA-T10B-CV, 2025 WL 3552966, at *1 (Tenn. Ct. App. Dec. 11, 2025); *Boyd v. Jakes*, No. M2025-01665-COA-T10B-CV, 2025 WL 3216815, at *3 (Tenn. Ct. App. Nov. 18, 2025); *Creger v. Creger*, No. M2025-01380-COA-T10B-CV, 2025 WL 2912650, at *2 (Tenn. Ct. App. Oct. 14, 2025); *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). In reviewing the trial court's determination, this court conducts a de novo review of the ruling. Tenn. Sup. Ct. R. 10B § 2.01; *Duke v. Duke*, 398 S.W.3d 665, 668 n.2 (Tenn. Ct. App. 2012) (noting that the Rule has altered the standard of review of recusal motions).

In her petition on appeal, Ms. Saxton relies upon 28 U.S.C. section 455 and focuses a significant portion of her petition on appeal upon challenging the trial court judge's conclusion that as a federal statute section 455 is not binding upon the state trial court. Ms. Saxton's argument in opposition to the trial court's conclusion can best be understood as articulating a federal supremacy position. That is, she contends that state court judges are required to adhere to section 455 of United States Code, given the paramount nature of federal law. Problematically, however, for Ms. Saxton's position, is that by its own terms, section 455 applies to federal judges, not state judges – "[a]ny justice, judge, or magistrate judge of the United States." 28 U.S.C. § 455(a). Additionally, for purposes of this title of the United States Code, Congress has expressly provided that "[t]he term 'judge of the United States' includes judges of the courts of appeals, district courts, Court of International Trade and any court created by Act of Congress, the judges of which are entitled to hold office during good behavior." *Id.* at § 451. Similarly, "[t]he term 'justice of the United States' includes the Chief Justice of the United States and the associate justices of the Supreme Court." *Id.* In other words, Judge Harrington did not err in concluding that 28 U.S.C. section 455 was not the proper framework for determining whether she should recuse herself and in instead looking to Tennessee law.

Regarding purported violations of Tennessee Supreme Court Rule 10, to the extent that Ms. Saxton endeavors to rely upon a complaint she filed in October 2025 against Judge

Harrington before the Tennessee Board of Professional Judicial, which she indicated was forwarded to the Tennessee Board of Judicial Conduct, this argument was not raised as a basis for recusal or disqualification before the trial court. In considering expedited interlocutory appeals 10B appeals, this court has indicated that "[w]e will limit our consideration to the arguments made in the motion for recusal" and that "we will not consider arguments not presented to the court below." *Del Vicario v. Miller*, No. M2024-00475-COA-T10B-CV, 2024 WL 1793301, at *1 (Tenn. Ct. App. Apr. 25, 2024); *see also*, *e.g.*, *Carter O'Neal Logistics v. Evans Petree*, *PC*, No. W2024-00048-COA-T10B-CV, 2024 WL 1005467, at *5 (Tenn. Ct. App. Mar. 8, 2024) ("Significantly, the trial court was not presented with a recusal motion seeking recusal on that basis. This court functions as a court of review, and this issue is not raised before the trial court and is thus not properly before us."). Even if we were to consider the existence of such a complaint, Tennessee courts have repeatedly held that "recusal is not required simply because a party has filed a complaint against a judge." *Denney ex rel. Doghouse Computers, Inc. v. Rather*, No. M2022-01743-COA-T10B-CV, 2023 WL 316012, at *4 (Tenn. Ct. App. Jan. 19, 2023); *Moncier v. Bd. of Pro. Resp.*, 406 S.W.3d 139, 162 (Tenn. 2013) (collecting cases). This includes instances in which a complaint has been filed with the Board of Professional Responsibility regarding the judge. *See, e.g., Salas v. Rosdeutscher*, No. M2021-00157-COA-T10B-CV, 2021 WL 830009, at *3 (Tenn. Ct. App. Mar. 4, 2021).

Turning to Ms. Saxton's argumentation in relation to her role as a witness in federal litigation, we note that "[i]n expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Rothberg v. Fridrich & Associates Ins. Agency, Inc.*, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at *2 (Tenn. Ct. App. June 17, 2022) (quoting *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016)); *see also Axis Dynamics, Inc. v. Hawk*, No. E2024-01805-COA-T10B-CV, 2024 WL 5103444, at *1 (Tenn. Ct. App. Dec. 13, 2024). The trial court rejected Ms. Saxton's argument in connection with purported federal proceedings involving the trial court judge as a basis for recusal. In doing so, the trial court ruled as follows:

> [T]he Respondent [h]as proffered that she is a witness in a "federal case" involving this Court. The Court has reviewed the attached affidavits which broadly cites issues in all 50 states and does not name this Court specifically. The Court is not in receipt or been served with any "federal lawsuit" in which they have been named as a party. The Court has not been noticed or have actual knowledge of any investigation[,] complaint[,] affidavit or lawsuit.

Ms. Saxton has not provided this court with a record that contradicts this finding. Furthermore, adding to the challenge for Ms. Saxton on this point, her petition on appeal somewhat cryptically states that "[t]o the extent any filings in the trial court referenced Judge Harrington as a named defendant, Respondent clarifies that such references were based on a good-faith understanding at the time. Respondent-Appellant has been identified

as a witness in a related federal proceeding involving the same factual nexus." This assertion only further undermines this basis for arguing error by the trial court.

Ms. Saxton also takes aim at the procedural basis of the trial court's ruling – the trial court's conclusion that Ms. Saxton filed her petition later than ten days prior to the trial and did so without good cause. The trial court properly noted that Tennessee Supreme Court Rule 10B requires good cause:

> Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit.

Ms. Saxton asserted, however, that she only became aware of the disqualification basis on December 1, providing good cause for her late filing. Aspects of the record complicate this position, including the notarized document from the Everses, which is dated to June 2025, though it is not clear when Ms. Saxton received the document from the Everses. Additionally, her filing of a complaint against the trial court judge with the Board of Professional Responsibility occurred in October 2025. Even if for purposes of argument, we were to assume a good cause for late filing, that would not eliminate the substantive basis for the trial court's decision to deny her motion.

III.

Accordingly, for the aforementioned reasons, we affirm the judgment of the Circuit Court for Blount County. Costs of this appeal are taxed to the appellant, Jessica Saxton, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE